◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. RUDOLPH HINDS, VERNON ANNIS, RAYMOND GRIFFIN and ROBERT ANDREWS, Respondents. — Order, Supreme Court, Bronx County, entered March 3, 1972, reversed on the law and the facts, and matter remanded for a new hearing as to defendant Hinds before a different Judge. This is an application to suppress any trial testimony of three witnesses to a robbery, which testimony would identify the defendants as the persons committing the robbery. The issue on such a motion is whether the in-court identification would be based on the witness' recollection of the individual identified from his viewing him at the scene or on other sources. Here the uncontroverted proof shows that there was a robbery in a Hills supermarket in the Bronx, and shortly after the robbery the police showed several photographs to the three witnesses, one of whom selected three photographs as those of the defendants, the other two witnesses being able to identify one each of the defendants from the photographs. It is conceded that no suggestion was made to the witnesses and the selection made by them was entirely uninfluenced. On another, later, occasion, additional photographs were shown. It appears that the defendants were apprehended in a subsequent robbery, of a Hills supermarket in Port Chester, the occurrence of which robbery was known to the witnesses. In the second batch of photographs those taken of the defendants in connection with the Port Chester robbery were included, and these were stamped on their face as being taken by the Port Chester police. The witnesses made the same identification as they had made from the unmarked photographs. Had the photographs exhibited to the witnesses on the second occasion been shown first, it might well be argued that the stamp of the Port Chester police influenced their identifications. But it is conceded that this was not the case. There was no proof that the first identification was impermissibly suggestive. There was consequently no substantial likelihood of irreparable misidentification. The in-court identification should therefore not have been suppressed (*People* v. *Gonzalez,* 27 N Y 2d 53). The court nevertheless granted the motion to suppress. This was on the basis that the testimony of the witnesses did not show beyond a reasonable doubt that their identifications were accurate. That would become a question for the jury, not for the court on a *Wade* hearing. If this were all that appeared before us we would have denied the application. However; since the hearing the District Attorney discovered and frankly conceded that the photograph supplied by the police and identified by one witness as that of the defendant Hinds was actually not his photograph but that of another individual. As to him a question is raised as to the source of the witness' identification, and as to him a new hearing is ordered. Concur — Markewich, J. P., McNally, Steuer and Eager, JJ. Kupferman, J., dissents in the following memorandum: I dissent on the opinion of Acting Supreme Court Justice Vincent A. Massi. As was said in *East Asiatic Co.* v. *Corash* (34 A D 2d 432, 434): "The day when motion practice would be allowed to proliferate through avoiding coming to grips with the substantial question is past. We can no longer afford the time or judicial manpower for the repeated applications for the same relief which necessarily result from post-

poning decision." *Mutatis mutandis,* the principle of avoiding judicial circumlocution is applicable here.