■ In the Matter of Thomas Heckt, Appellant, v. City of Lackawanna et al., Respondents.— Judgment unanimously reversed, on the law and facts, without costs, and matter remitted for further proceedings in accordance with the following memorandum: Petitioner-appellant Thomas Heckt was dismissed from the Lackawanna Police Force upon being found guilty of certain gambling-related charges following a hearing before the director of Public Safety of the respondent, City of Lackawanna. The principal witnesses at the hearing were Chester Kowal and his wife who testified at a hearing which commenced on June 27, 1972 regarding those charges and also testified regarding certain gambling activities which they claimed to have engaged in with Heckt prior to June 13, 1972. As a result, additional charges were lodged against petitioner involving the gambling activities testified to by the Kowals. On October 3, 1972 the hearing was reconvened and petitioner's counsel sought to have the Kowals recalled so that he could cross-examine them. The hearing officer ruled, however, that since petitioner's counsel had completed his cross-examination of the Kowals, he would have to call them as his own witnesses. When petitioner's counsel attempted to call the Kowals, Chester Kowal refused to testify, claiming a Fifth Amendment privilege and Mrs. Kowal, who was then under a doctor's care for nervous strain, was not available to testify. Following the hearing, petitioner was found guilty only of the charges and specifications lodged on September 19, 1972. It is petitioner's contention that his procedural due process rights were violated by permitting the respondent to add charges based upon evidence adduced at the hearing of June 27 and also by denying further cross-examination of the Kowals once the new charges were lodged at the reconvened hearing of October 3, 1972. In a disciplinary proceeding petitioner is entitled to all of the essential elements of a fair trial (*Matter of Sowa* v. *Looney,* 23 N Y 2d 329; *Matter of Hecht* v. *Monaghan,* 307 N. Y. 461; *Matter of Shields* v. *Hults,* 21 A D 2d 745), including notice of the charges (*Matter of Ruffalo,* 390 U. S. 544; *Matter of Murray* v. *Murphy,* 24 N Y 2d 150; *Matter of Shapiro* v. *Board of Regents of Univ. of State of N. Y.,* 16 N Y 2d 783), and the opportunity to cross-examine witnesses (*Matter of Erdman* v. *Ingraham,* 28 A D 2d 5). We find this case distinguishable from those cases where there was a finding of guilt for conduct which was proven at the hearing but which was not included in the original or amended charges (*Matter of Murray* v. *Murphy, supra; Matter of Hecht* v. *Monaghan, supra; Matter of Soucy* v. *Board of Educ. of North Colonie Cent. School Dist. No. 5,* 41 A D 2d 984; *Matter of Abel* v. *Lomenzo,* 25 A D 2d 104, affd. 18 N Y 2d 619). We also find *Matter of Ruffalo* (*supra*), which petitioner has urged upon us as having application to the facts in this case, readily distinguishable. There the additional charge was not lodged until after petitioner himself gave testimony which he believed, from the charges against him, constituted a defense to them but which were in fact then used as a basis for new charges against him. We find nothing objectionable in permitting the respondent to lodge additional charges after the hearing commenced since petitioner in this case was given notice of the new charges and an adequate opportunity to review and respond to them (*Matter of Weiner* v. *Board of Regents of Univ. of State of N. Y.,* 3 A D 2d 113, 119). We find the question with respect to the denial of the petitioner's right to cross-examination of the Kowals more troublesome. The right to cross-examination is, as noted, one of the essential elements of a fair trial (*Hecht* v. *Monaghan, supra; Matter of Phelka* v. *Levine,* 41 A D 2d 982; *Matter of Erdman* v.

*Ingraham, supra; Matter of Busking* v. *Kronimus,* 22 A D 2d 888). Once new charges were added a denial of effective cross-examination constituted a denial of procedural due process. Since the additional charges concerning petitioner's alleged involvement with the Kowals in bookmaking activities for which petitioner was found guilty had not been lodged against him at the time when his counsel had an opportunity to cross-examine the Kowals such denial was fundamentally unfair. Mr. Kowal's refusal and Mrs. Kowal's failure to answer a subpoena must be construed as a denial of petitioner's right to cross-examine. As we stated in *Bartkowiak* v. *St. Adalbert's R. C. Church Soc.* (40 A D 2d 306, 308-309). " The broad rule that if for any reason cross-examination becomes impossible (e.g., on account of sickness, death or wrongful refusal to answer) a witness's testimony on direct must be stricken, is accorded great deference in the law. But the rule is not without limitation. Where the refusal to answer or impossibility of cross-examination has not been due to any act or objection on the part of the party who called the witness, the testimony should not be suppressed unless it is clear that the questions to which answers were refused were material". It is clear, in the instant case, that the questions asked by Heckt's attorney of Mr. Kowal were material since they dealt directly with misconduct charged. Further, we do not conclude that the burden should be placed upon the petitioner to seek further relief with respect to forcing the Kowals to testify in order to protect such a fundamental right as that of cross-examination. This case should be remitted to the Director of Public Safety of the City of Lackawanna to continue the hearing of October 3, 1972 for the purpose of taking testimony on the charges lodged against petitioner on September 17, 1972, at which time he should be afforded the right to cross-examine fully all the witnesses to be used against him with respect to these new charges (see *Ford Motor Co.* v. *Labor Board,* 305 U. S. 364, 373; *Matter of Schoenstein* v. *McGoldrick,* 279 App. Div. 395, 397; *Matter of Commissioner of Taxation and Finance* v. *Oceanic Service Corp.,* 276 App. Div. 725, 727). (Appeal from judgment of Erie Special Term in article 78 proceeding for reinstatement.) Present — Witmer, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.