■ In the Matter of FEMALE M., Alleged to be a Permanently Neglected Child. SPENCE-CHAPIN SERVICES TO FAMILIES AND CHILDREN, Respondent; IRENE S., Appellant.—Order of disposition of the Family Court, New York County, entered September 19, 1977, which adjudged a minor to be a permanently neglected child pursuant to part 1 of article 6 of the Family Court Act (now Social Services Law, § 384-b), and directed, *inter alia,* that the custodial and guardianship rights of appellant mother be permanently terminated, and that said rights be transferred to respondent Spence-Chapin Services and the Commissioner of Social Services of the City of New York, unanimously modified, on the law and the facts, to vacate disposition, and remand for reopened dispositional hearing and further proceedings in accordance herewith, and otherwise affirmed, without costs or disbursements. A finding of permanent neglect, which was the conclusion of the Family Court Judge at the fact-finding hearing, requires termination of parental rights only where such disposition is determined to be in the best interests of the child (Social Services Law, § 384-b, subd 4, par [d]; Family Ct Act, §§ 623, 631; see *Matter of Wood,* 78 Misc 2d 344, 348). The dispositional court did not set forth reasons for its decision that the best interests of the child required termination. We are of the view that the psychological and psychiatric testimony elicited at the dispositional hearing provided an insufficient basis for that decision. Dr. Schuster, Family Court Mental Health Services psychologist, testified that he only interviewed the child, and not the mother, and therefore could make no recommendation as to termination of parental rights. Dr. Robins, Family Court psychiatrist who interviewed the mother, testified she had "no psychiatric condition which would of itself damage the child." He stated that he had not talked with the child, but had incorporated in his report the findings made by Dr. Schuster who had interviewed the child at Dr. Robins' suggestion. Dr. Robins was of the opinion that there is a "fifty-fifty chance" that termination of parental rights could result in trauma to the child and concluded that without more extensive evaluation of the child's viewpoint, he would be reluctant to recommend termination of "parental ties." He added that it is most desirable for at least one clinician to examine both mother and child before a decision be made as to termination of parental relationship. The court, nonetheless, denied appellant's request that Dr. Robins be permitted to examine the child. To have terminated appellant's custodial and guardianship rights in the absence of further examination was premature. Concur—Birns, J. P., Sandler, Sullivan, Lane and Markewich, JJ.