■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONEY DUKES, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered April 28, 1980, convicting him of sodomy in the first degree, robbery in the first degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant's guilt was established by overwhelming proof. The victim identified him spontaneously shortly after the incident as she was being driven by a detective to the police station, and other circumstantial proof tied him to the crime. No objection was registered with respect to the portions of the court's charge and the prosecutor's summation of which defendant now complains. In view of the overwhelming evidence of guilt, review in the interest of justice is not warranted (*People v Jones,* 89 AD2d 875; *People v Giles,* 87 AD2d 636). In any event, the defendant was not entitled to a "moral certainty" charge since the People's case was not based solely on circumstantial evidence (*People v Barnes,* 50 NY2d 375, 380). The negative identification testimony, even if improperly received (see *People v McCray,* 57 NY2d 542, 550, n 4), and the arresting officer's testimony concerning the victim's identification (to which no objection was taken) constitute harmless error and furnish no basis for reversal (*People v Mobley,* 56 NY2d 584; *People v McMillian,* 56 AD2d 662; *People v Moore,* 48 AD2d 690). The trial court also properly denied defendant's pretrial motions for an identification hearing and to set aside the jury array. The victim did not identify the defendant in a one-on-one showup. Rather, while riding in a police vehicle she happened to spot him and alerted the detective. The accuracy of an eyewitness identification presents an issue of fact for jury resolution and may not be determined on a motion to suppress (*People v Cannon,* 71 AD2d 924; *People v Hinds,* 40 AD2d 786; cf. *People v Balsano,* 51 AD2d 130, 132). There was no identification procedure employed by the police in this case and, therefore, no need for an identification hearing (see CPL 710.20, subd 5; *People v Gissendanner,* 48 NY2d 543, 552). Pursuant to CPL 270.10 (subd 2), a defendant's challenge to the jury panel must be made in writing and when, as here, it is made orally, no question of law is preserved for review (*People v Prim,* 40 NY2d 946; *People v Consolazio,* 40 NY2d 446, 455, cert den 433 US 914). Finally, we perceive no basis for modification of the sentence (*People v Suitte,* 90 AD2d 80). Titone, J. P., Lazer, Thompson and Boyers, JJ., concur.