Jimmie **NELSON**, Petitioner,

v.

Everett W. **JONES**, Respondent.

**No. 82 Civ. 4752 (IBC).**

United States District Court,
S.D. New York.

Nov. 17, 1983.

Jimmie Nelson, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for respondent; Tyrone Powell, Asst. Atty. Gen., New York City, of counsel.

## OPINION

IRVING BEN COOPER, District Judge.

On November 29, 1982, we granted respondent's motion to dismiss without prejudice *pro se* petitioner's application for a writ of habeas corpus for failure to exhaust available state remedies. On May 5, 1983, petitioner's motion to the Second Circuit Court of Appeals requesting a certificate of probable cause, leave to proceed *in forma pauperis*, and assignment of counsel was denied. The Court of Appeals also stated that the denial was without prejudice to petitioner's filing a motion for clarification of his unexhausted habeas claims in the district court. Thereafter the petitioner filed a motion for clarification, and on October 5, 1983, he filed a motion for a speedy decision and calendar preference.

In his habeas application petitioner cited six instances of alleged constitutional violations that he claimed led to his conviction. The Assistant Attorney General argued that four of those instances were not raised in the state court. We find, in accordance with the Second Circuit Court of Appeals *en banc* decision in *Daye v. Attorney General*, 696 F.2d 186 (2d Cir.1982), that three alleged violations were not raised.

In *Daye*, the Court set forth the standards by which to determine whether a habeas petitioner fairly presented his claims to a state court. The Court found that a petitioner must have alleged in state court all of the material factual bases and legal doctrines included in the federal peti-

tion. *Id.* at 191–92. Substantially the same legal doctrines are asserted in the state and federal courts if "in state court the nature or presentation of the claim [was] likely to alert the court to the claim's federal nature." *Id.* at 192. Thus, a claim alleging the denial of specific constitutional provisions or precedents, an allegation that a particular constitutional right was denied, or a claim describing a fact pattern within the mainstream of constitutional litigation are enough to alert a state court that the *pro se* petitioner is raising such a legal point; the federal habeas court can assume that the state court has considered it. *Id.* at 192–95.

We will examine the petitioner's habeas allegations one at a time and compare each to his allegations in his state appellate court brief.

First, petitioner argued in his application for a writ that "hordes" of police forced their entrance into his (and others') homes; "rampaged" through his apartment; seized articles "with wild abandon"; and aimed shotguns, rifles, and pistols at those in the apartment. He states that these actions occurred even though the police did not have a valid search warrant.

■ In his brief to the state appellate court, petitioner argued that the search warrant was illegal since it defectively described the apartment to be searched. He thus exhausted his claim of an invalid search warrant in that factual context. However, petitioner did not exhaust the invalid search warrant allegation with respect to the claim of the police officers' unlawful conduct.

■ Petitioner's second contention in his habeas writ seems to be that there was constitutionally insufficient evidence to connect him to the crime. *See Jackson v. Virginia*, 443 U.S. 307, 321, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979). Although he raises this point in his state appellate court brief on pages 8–9, he refers in that brief to proof evidencing that he was merely standing by the sink in the bathroom where the cocaine was located. His reference in the habeas writ is to a piece of the cross-examination in which a state highway patrol officer testified that the officer issued petitioner a warning in South Carolina on the same day that the police officers in New York said petitioner had been in possession of drugs in New York. The sufficiency of the evidence claim was not exhausted in the state court as to this latter claim.

■ Petitioner's third allegation is that he was not advised of his *Miranda* rights. Although petitioner did not address this point as a separate legal argument, he specifically stated on page 8 of his state appellate court brief that "there was testimony given at trial that no *Miranda* warnings were given by the officer." We find that under *Daye, supra*, the petitioner's cite to *Miranda* is enough to alert the state court of this claim. The third allegation was exhausted.

■ The fourth contention by petitioner is that the only source of probable cause for the search warrant was the mysterious informant. This was alleged in his appellate court brief on page 5 and was therefore exhausted.

■ Fifth, petitioner contends that he was inadequately represented. Point II in his state appellate court brief argues the same contention. Petitioner exhausted the inadequate counsel argument.

It is finally alleged that the judge, and the trial in general, were unfair. In his state appellate court brief, petitioner claimed that harmful errors which were introduced caused him to be denied a fair trial, and he cited to *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *People v. Crimmins*, 36 N.Y.2d 230, 326 N.E.2d 787, 367 N.Y. S.2d 213 (1975); *People v. Smith*, 172 N.Y. 210, 64 N.E. 814 (1902); *People v. Balsano*, 51 A.D.2d 130, 133, 380 N.Y.S.2d 129, 132 (1979). According to *Daye, supra,* at 196, if a defendant cites to cases which concern one's constitutional right to a fair trial, the state court is on notice of the defendant's constitutional claims.

■ Petitioner alerted the state court of his claim of an unfair trial by citing to *Chapman, Crimmins, Smith,* and *Balsa-*

*no,* all of which deal with the federal constitutional right to a fair trial and the former three of which specifically address the issue of introducing harmful errors into evidence. He thus exhausted this claim. Additionally, since *Balsano* concerned the role of a judge in ensuring a fair trial, petitioner exhausted his claim of the judge's unfairness. However, to the extent that petitioner alleges in his habeas corpus writ that the unfair trial resulted from lies and misrepresentations by police and the District Attorney's office, he has not presented these claims to the state court.

In short, petitioner has failed to exhaust the following claims in the state court: (1) invalid search warrant with respect to the claim of the police officers' unlawful conduct; (2) sufficiency of the evidence regarding conflicting testimony as to whether petitioner was on one of the days he was charged to have had cocaine in New York; and (3) unfair trial resulting from lies and misrepresentations of police officers and assistants District Attorney. Because petitioner did not exhaust these claims, we were compelled to grant respondent's motion to dismiss the writ for habeas corpus. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

SO ORDERED.