■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FIORVANTE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered April 15, 1983, convicting him of burglary in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was not improperly denied a *Wade* hearing in this case because the complainant's identification was made spontaneously and was not the product of an identification procedure arranged by the police (*see, e.g., People v Logan,* 25 NY2d 184, 193, *cert denied* 396 US 1020; *People v Parente,* 104 AD2d 667; *People v Dukes,* 97 AD2d 445). Additionally, both the circumstantial evidence charge and the identification charge given by the trial court were sufficient (*see, People v Sanchez,* 61 NY2d 1022, 1024; *People v Morris,* 36 NY2d 877; *People v Whalen,* 59 NY2d 273; *People v Smith,* 100 AD2d 857, 858). Defendant's

claim that the statute under which he was sentenced (Penal Law § 70.06) is unconstitutional is unpreserved and, in any case, is without merit (*see, People v Oliver,* 63 NY2d 973; *People v Velasquez,* 107 AD2d 726; *People v Thompson,* 105 AD2d 762; *People v Cates,* 104 AD2d 895). Defendant's claims that his *Sandoval* motion (*People v Sandoval,* 34 NY2d 371) should have been granted in its entirety and that the sentence imposed was excessive have been reviewed and likewise are without merit. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.