■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER FRIDAY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 23, 1983, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and sentencing him, as a persistent felony

offender, to an indeterminate term of imprisonment of 15 years to life and to a determinate term of one year, with both sentences to run concurrently.

Judgment modified, as a matter of discretion in the interest of justice, by vacating the sentences. As so modified, judgment affirmed, and case remitted to the Supreme Court, Queens County, for resentencing consistent herewith.

On September 21, 1981, at 3:20 P.M., Boise and Cecelia Lewis returned to their residence to find a burglary in progress. Mr. Lewis struggled with and unsuccessfully pursued the burglar. Three weeks later he came across defendant a few blocks from his residence and recognized him as the burglar. After telling his wife and calling the police, he identified defendant to police officers in a passing patrol car and they took defendant into custody. Mr. Lewis and the police both drove to his residence where they met another patrol car which had responded to the call, as well as Mrs. Lewis, who had also seen the perpetrator during the burglary on September 21. The police complied with Mrs. Lewis's request that the defendant emerge from the patrol car so that she could get a better look at him. Mrs. Lewis also identified defendant as the burglar.

We disagree with the hearing court's conclusion, in denying defendant's suppression motion, that the showup confrontation in front of the Lewis residence was "mere happenstance unoccasioned by law enforcement officials and did not lead in all the circumstances to a danger of mistaken identification". A happenstance showup results from a spontaneous identification and is not occasioned by police activity *(see, People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020; *People v Fiorvante,* 108 AD2d 925; *People v Dukes,* 97 AD2d 445).* Here the police already had custody of defendant and they made the showup possible by driving to the complainants' residence instead of proceeding directly to the precinct. Moreover, they surely realized that Mr. Lewis had told his wife that he had seen the perpetrator and that she was waiting for the police at the residence. The resulting showup could not have been more suggestive. Mrs. Lewis already was anticipating the possible apprehension of the perpetrator and there was only one person in the patrol car who could have been the suspect. Therefore, Mrs. Lewis's in-court testimony as to her earlier identification should not have been admitted, because that identification was too suggestive to be reliable under all the circumstances *(see, Manson v Brathwaite,* 432 US 98, 107, 114). Because that viewing was not consistent with defen-

dant's constitutional rights, its admission at trial constituted improper bolstering (CPL 60.30 [c]; *People v Best,* 73 AD2d 651). However, admission of Mrs. Lewis's in-court identification at trial was not error because she had adequate opportunity to observe the burglar and recall specific identifying features including a distinctive facial scar. In light of the firm identifications and detailed physical descriptions of the perpetrator by both witnesses, the error in permitting Mrs. Lewis to testify as to her earlier identification was harmless.

We vacate defendant's sentence as a persistent felony offender in the exercise of our discretion *(see,* CPL 470.15 [3]; *People v Suitte,* 90 AD2d 80). While it is not inappropriate, in light of his past and present criminal activity, for defendant to receive a substantial prison sentence, we find it would not serve the public interest to impose the further enhanced penalties of a persistent felony sentence *(see,* CPL 400.20; Penal Law § 70.10 [2]; *see, People v Suitte, supra; People v Notey,* 72 AD2d 279).

We have considered defendant's remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.