■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR SCHREIBER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered April 2, 1986, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress evidence.

Ordered that the judgment is affirmed.

The defendant's challenge to the propriety of the hearing court's rulings with respect to the existence of probable cause for his arrest, the voluntariness of his statements to the police

and the seizure of a packet of cigarettes from his car is without merit. The hearing court's findings concerning these issues are neither erroneous as a matter of law nor contrary to the weight of the evidence. Therefore, we decline to substitute our judgment for that of the hearing court *(see, People v Prochilo,* 41 NY2d 759; *People v Spivack,* 111 AD2d 884, *lv denied* 66 NY2d 767). The in-court identification of the defendant by a witness as the person who had pawned a ring stolen from the complainant has not been preserved for appellate review. The defendant specifically waived any claim that the in-court identification was tainted by suggestive pretrial police procedures. In any event, were we to reach this issue in the interest of justice, we would conclude that it is without merit.

The defendant's contention that his guilt was not proven beyond a reasonable doubt is also without merit. Although certain minor inconsistencies appear in the testimony of the prosecution witnesses, issues of credibility and the weight to be accorded to the evidence are primarily for the jury to determine *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.