■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS PREWITT, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered May 7, 1987, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant had the opportunity to observe the defendant at close range under a street lamp during the robbery and was able to recognize him spontaneously two weeks later. The fact that his identification was not corroborated by other witnesses does not mean that it did not constitute legally sufficient evidence of the defendant's guilt *(see, People v Danza,* 127 AD2d 781).

It is obvious that the jury believed the complainant, despite minor inconsistencies in his testimony *(see, People v Schreiber,* 139 AD2d 608). Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the

record (see, *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court's denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony was a proper exercise of discretion and did not deprive the defendant of his constitutional rights. It is clear that the complainant's identification of the defendant was spontaneous and was not the product of a police-arranged procedure (see, *People v Blackman,* 110 AD2d 596, 597-598; *People v Fiorvante,* 108 AD2d 925; *People v Dukes,* 97 AD2d 445). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.