■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC REYNOLDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered October 26, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in allowing the People to cross-examine the defendant about three prior theft-related convictions. The defendant's long criminal record, dating back to 1979, reveals a willingness on his part to place the advancement of self-interest ahead of principle or the interests of society *(see, People v Sandoval,* 34 NY2d 371). While most of the defendant's prior arrests and convictions are for theft-related crimes which are highly probative of his credibility on the witness stand *(see, People v Sandoval, supra)*, the court exercised its discretion so as to limit the People's cross-examination of the defendant to only three such prior convictions.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The testimony of the undercover police officer clearly established that the defendant sold him a plastic vial which contained cocaine. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.