■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DEJESUS, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered October 30, 1989, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him as a predicate felony offender to concurrent indeterminate terms of imprisonment of from 7 to 14 years, unanimously affirmed.

Defendant sold two glassine envelopes of heroin to an undercover police officer who immediately thereafter radioed the details of the sale and the descriptions of defendant and the "steerer" to his back-up team, who effected the arrest of the two men within minutes. Defendant contends that at the time of the hearing to suppress evidence seized, the undercover and the arresting officer did not have a present recollection of the incident. This claim is belied by the record and the explicit findings of fact made by the suppression court, which had the opportunity to both see and hear the witnesses. There was nothing inherently improbable or unreliable about the testimony, and there is no reason to interfere with the determination of the suppression court as to the credibility of the witnesses *(People v Vaneiken,* 166 AD2d 308). Defendant

matched the detailed description given by the undercover officer and was found to be in possession of eighteen glassine envelopes of heroin and folded bills. These factors provided probable cause for his arrest *(People v Carus,* 163 AD2d 77, *lv denied* 76 NY2d 984).

Defendant also contends that the People failed to prove his guilt beyond a reasonable doubt because the undercover's identification was based more on his clothing than on his physical attributes. The question of the undercover officer's credibility as to his identification of defendant was within the province of the jury *(People v Mosley,* 112 AD2d 812, *affd* 67 NY2d 985). His opportunity to observe and to subsequently make an identification was one of many factors to be evaluated by them. The detailed description of defendant's clothing, in addition to a general description of his race, age, height and weight, provided ample support for the jury's finding of defendant's guilt beyond a reasonable doubt.

The identification charge given by the court was specifically requested by counsel, after much discussion, and defendant cannot now ask this Court to find reversible error in the trial court's acquiescence in his specific and insistent request. Nor do we find an "adverse inference" charge to have been warranted with respect to the missing photograph of the co-defendant who had pled guilty prior to trial. Another photo was at all times available to counsel, if he had wished to utilize it in respect to the identification issue and we note the belated nature of the request. Finally, in the circumstances, we do not find the sentence imposed to have been unduly harsh. Concur —Wallach, J. P., Kupferman, Ross and Smith, JJ.