In the Matter of PATRICK L. McC. and Another, Children Alleged to be Neglected. RACHAEL L., Appellant; ABBOTT HOUSE, Respondent.

First Department, April 28, 1992

APPEARANCES OF COUNSEL

*Bruce A. Young* for appellant.

*Terry Milburn* for respondent.

*Timothy J. Bennett* of counsel *(Lenore Gittis,* attorney), *Law Guardian.*

### OPINION OF THE COURT

KUPFERMAN, J.

While we find nothing wrong with the court's findings of permanent neglect based upon the testimony elicited at the August 1989 fact-finding hearing, such finding requires termination of parental rights only where such disposition is determined to be in the best interests of the child *(Matter of Female M.,* 70 AD2d 812).

Given the fact that the dispositional order was entered on respondent mother's default in November 1989, as well as the evidence currently before us of her subsequent and positive change of circumstances, including: her return to New York; the birth of a daughter Amber on August 18, 1990; her care for that child; her successful completion of parenting skills courses; her participation in weekly psychological therapy sessions as well as vocational training; and, her obtaining of permanent suitable housing in November 1990, we feel that a new dispositional hearing should be held at which the best interests of the children can be determined in light of these changed circumstances and any other factors deemed relevant.

At the time of her default in appearing at the dispositional hearing on November 27, 1989, respondent was living in Indiana, where she had moved in early 1986, following the placement of her then two- and six-year-old sons in foster care after a finding of neglect based upon her inability to cope with her situation at the time.

In October 1988, after unsuccessful efforts to reunite the children with their mother in Indiana, petitioner agency commenced these proceedings on the ground that respondent had failed to regularly visit her children or plan for their future. In its fact-finding decision, dated October 31, 1989, the court found that, although respondent loved her children and kept in contact with them, her attempts at compliance with court-ordered therapy, parenting skills classes and psychological evaluations were inadequate and that she had failed to plan realistically for her children's futures. In so finding,

however, the court acknowledged the difficulties in compliance inherent in respondent's living in Indiana and her then circumstances.

After receiving notice of the dispositional hearing, respondent notified her attorney that she would be unable to attend because, aside from lack of money for travel, she was working two jobs and was afraid she would lose them if she came to New York at that time, one, with Toys R Us, because it was the Christmas season and the other, as a telephone operator, because she had just started it. Her attorney appeared at the dispositional hearing and requested an adjournment for a month or two. The court stated that it was always clear that travel money would be made available, but no request had been made. Further, since respondent seemed to change jobs frequently, the court did not consider that a reason for failing to proceed with the dispositional hearing.

Subsequent to entry of the dispositional order on January 9, 1990, respondent returned to New York permanently on February 15, 1990 and moved to vacate her default. The court, in its May 8, 1990 order, granted such motion to the extent of affording her the right to present in court on June 6, 1990 any evidence that would be given at a new dispositional hearing. Again, however, respondent failed to appear, this time because of severe pregnancy complications, which resulted in her treatment at Lincoln Hospital on May 25, 1990. Although it was unclear whether respondent was actually hospitalized on June 6, the court, in its December 4, 1990 order, denied respondent's renewed motion to vacate her default, stating that even if respondent mother were ill on June 6th, no excuse had been given for the great length of time that passed from the time of the failure to appear until the making of the motion returnable November 28th. In addition, the court felt that no reason had been shown to believe that the order of commitment was inappropriate.

Applying the discretionary standard for relieving a party of a default, even in Family Court proceedings, i.e., both a reasonable excuse and a meritorious defense *(see, Matter of "Male" Jones,* 128 AD2d 403; *Matter of Celeste M.,* 180 AD2d 437 [1st Dept, Feb. 26, 1992]), respondent's excuses for both absences cannot be said to have been unreasonable and her subsequent change of circumstances following her return to New York, as well as those of her two sons, who apparently have little prospect of being adopted, lead us to conclude that

a de novo inquiry into the best interests of the children should be made.

While, even in the absence of new evidence, the Family Court retains jurisdiction to modify a dispositional order until a child is adopted where such modification is in the child's best interest (Social Services Law § 392; 5 Freed and Brandes, Law and the Family New York § 5.89 [2d ed]), here there is new evidence of respondent's improved circumstances reflected in the enlarged record on appeal, including the September 19, 1991 affidavit of a social work supervisor for the children's Law Guardian, which recommends that petitioner agency renew working with respondent towards the ultimate goal of the return of the children to respondent, their natural mother.

Accordingly, the orders of the Family Court, New York County (Leah Marks, J.), entered January 9, 1990, upon a decision dated October 31, 1989 finding that respondent-appellant had permanently neglected her children and after a dispositional hearing on November 27, 1989, which granted the petitions and ordered that respondent-appellant mother's right to custody and guardianship over her then six- and 10-year-old sons, Patrick L. and Darryl McC., Jr., be committed jointly to petitioner-respondent Abbott House and the New York City Commissioner of Social Services and authorized them to consent to the children's adoption by a suitable person or persons, should be modified, on the law and the facts, and in the exercise of discretion, to vacate such orders of commitment and to remand the proceedings to Family Court for a new dispositional hearing. As so modified, the orders should be otherwise affirmed, without costs. The appeals from the orders of the same court entered May 8, 1990 and December 4, 1990, which, *inter alia,* denied respondent's motions to vacate her default at the dispositional hearing, should be dismissed as academic in light of the foregoing determination, without costs.

SULLIVAN, J. P., MILONAS, ASCH and SMITH, JJ., concur.

Orders, Family Court, New York County, entered January 9, 1990, unanimously modified, on the law and the facts, and in the exercise of discretion, to vacate the orders of commitment and to remand the proceedings to Family Court for a new dispositional hearing, and the appeals from the orders of said court entered on May 8, 1990 and December 4, 1990, dismissed as academic, without costs or disbursements.