■ In the Matter of GEORGE J., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal

is from an order of disposition of the Family Court, Queens County (Torres, J.), entered February 25, 1991, which, upon a fact-finding order of the same court, entered July 11, 1990, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal sale of a controlled substance in the third degree, adjudged him to be a juvenile delinquent, and placed him with the Division of Youth for a period of up to 18 months. The appeal brings up for review the denial, without a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court erred in summarily denying the suppression of physical evidence without a hearing. We disagree. In his affirmation in support of suppression, the appellant's counsel asserted that "[t]he [appellant] was stopped while in the Lefrak City housing complex. The [appellant] denies being involved in any unlawful activity at the time he was seized". On oral argument before the Family Court, counsel merely asserted that "there was no probable cause to seize this youngster". We find these assertions to be inadequate to warrant a hearing, since they "stated only conclusory legal grounds for the relief requested, which were not supported by sufficient allegations of fact" *(People v Jordan,* 122 AD2d 224, 224-225; *see also, People v Rodriguez,* 162 AD2d 478; *People v Pavesi,* 144 AD2d 392).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. The appellant's contentions with respect to the undercover officer who made the drug purchase and to the testimony of the appellant's alibi witness concern issues of credibility and the weight to be accorded the evidence presented. However, resolutions of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94).* Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence *(cf.,* CPL 470.15 [5]; *see, People v Green,* 185 AD2d 992; *People*

*v DeJesus,* 177 AD2d 434; *People v Vickers,* 177 AD2d 608; *People v Reynolds,* 171 AD2d 707). Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.