■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DIXON, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J., and a jury), rendered June 21, 1989, convicting defendant of two counts of robbery in the first degree, and sentencing him to concurrent terms of 3 to 9 years, unanimously affirmed.

Defendant was charged with two robberies, committed on January 22 and February 10, 1988, at ice cream parlors in Bronx County. One employee from each store identified defendant in a lineup held February 22, 1988. Defendant now argues that the identification testimony underlying both robberies was uncertain, based upon inconsistencies in the testimony as to defendant's appearance at the time of the robbery. In view of the fact that each witness unhesitantly identified defendant in a lineup, and since the various inconsistencies in the evidence were fully presented and argued to the jury, the discrepancies merely raised an issue for the jury to resolve *(People v DeJesus,* 177 AD2d 434, *lv denied* 79 NY2d 919).

Lastly, we find that defendant was properly sentenced *(People v Farrar,* 52 NY2d 302). Concur—Sullivan, J. P., Milonas, Kupferman and Ross, JJ.

■ In the Matter of SHAMIA J. and Others, Infants. VANESSA J., Appellant.—Order, Family Court, New York County (Leah Marks, J.), entered January 8, 1991, which denied respondent's motion to vacate her default in appearing at the dispositional hearing, unanimously affirmed, without costs.

We agree with Family Court that respondent's submissions did not address her ability to resume caring for the children or indeed, any other issue material to the dispositional hearing concerning the best interests of the children, and thus, unlike *Matter of Patrick L. McC.* (179 AD2d 220), it cannot be said that any purpose would be served by a new dispositional hearing. In short, respondent failed to show a meritorious defense. Concur—Sullivan, J. P., Milonas, Kupferman and Ross, JJ.