■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DIXON, Appellant. [609 NYS2d 807] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered March 27, 1992, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Broomer, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find that the branch of the defendant's omnibus motion which was for a *Wade* hearing was properly denied because the complainant's identification of the defendant was made spontaneously and was not the product of an identification procedure arranged by the police *(see, People v Dawson,* 185 AD2d 854; *People v Rios,* 156 AD2d 397; *People v Prewitt,* 150 AD2d 618; *People v Rolon,* 145 AD2d 658). Moreover, the defendant's request for a hearing to determine whether his arrest was supported by probable cause was properly denied, since his supporting papers were conclusory and failed to set forth factual allegations sufficient to warrant such a hearing *(see, Matter of George J.,* 187 AD2d 427, *affd* 82 NY2d 415; *People v Scott,* 182 AD2d 649; *People v Rodriguez,* 162 AD2d 478).

The defendant further claims that his rights were violated when the jury requested trial exhibits and the court either failed to respond or did so without consulting counsel. Since this claim rests on matters which are not contained in the record, its presentation on direct appeal is improper *(see, People v Harvall,* 196 AD2d 553; *People v Brown,* 192 AD2d 666; *People v Noland,* 189 AD2d 829). Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.