■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALLY LIS-TER and ROSE DE CAINES, Appellants.— Two judgments (each as to a respective appellant) of the County Court, Nassau County, both rendered June 27, 1967, and order of said court, dated October 17, 1966, affirmed. In our opinion, the police officers had probable cause to arrest appellants and, consequently, the search of their automobile and the resulting seizure of the merchandise found therein were lawful since they were incident to a lawful arrest (see *People* v. *Merola,* 30 A D 2d 963, and authorities cited therein). Moreover, the sentences imposed were not excessive. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORISELL MCNAIR, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, rendered October 4, 1968, convicting defendant of robbery in the first degree, petit larceny and possession of a dangerous weapon as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. In our opinion defendant's guilt was proved beyond a reasonable doubt. The proof established that defendant and another held up a grocery store; that the store clerk followed them, saw them enter a building and stopped a passing patrol car; that defendant was found in the building hallway, near a gun which was discovered under a radiator; that he was arrested and brought from the building in handcuffs; and that he was immediately identified by the clerk, who was waiting outside the building, all within about 20 minutes after the commission of the crime. The gun, identified by the complainant, was properly admitted in evidence. Any question as to the accuracy of that identification went to the weight or probative force of the evidence rather than to the admissibility of the weapon (*People* v. *Miller,* 17 N Y 2d 559; *People* v. *Pinelli,* 24 A D 2d 1023; 2 Wharton's Criminal Evidence [11th ed.], § 762). On the record presented, the pretrial identification procedure was not so unnecessarily and prejudicially suggestive as to constitute a denial of due process (cf. *People* v. *Rodriguez,* 29 A D 2d 891, affd. 23 N Y 2d 940). It is not clear from the record that an oral statement by defendant, that he did not live in the building where he was found, was admitted in evidence. If it be assumed, however, that the statement was received and that defendant had not been given the warning required by *Miranda* v. *Arizona* (384 U. S. 436), we are of the opinion that the error may be disregarded as harmless beyond a reasonable doubt (*Chapman* v. *California,* 386 U. S. 18, 22; cf. *People* v. *Savino,* 22 N Y 2d 732, 733; *People* v. *Miles* 23 N Y 2d 527). Defendant's other contentions have been considered and we find no grounds therein for disturbing the judgment of conviction. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.