■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO REESE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARLENE LOUISE SNYDER, Appellant.—Appeals from judgments of the County Court of St. Lawrence County, rendered April 11, 1975, upon verdicts convicting defendant Reese of the crime of robbery in the second degree in violation of section 160.10 (subd 2, par [a]) of the Penal Law as a second-felony offender, and sentencing him to an indeterminate term of imprisonment with a maximum of six years and a minimum of three years, and defendant Snyder of the crime of robbery in the second degree in violation of subdivision 1 of section 160.10 of the Penal Law and sentencing her to an indeterminate term of imprisonment with a maximum of three years and a minimum of one year. The defendants herein, along with one Raymond Gemmill, were

indicted for the crimes of assault in the first degree, robbery in the first degree and robbery in the second degree arising out of an incident on the night of September 29, 1974 in which one Berthold Boehm was allegedly driven from a tavern in Ogdensburg, New York, to a secluded farmhouse in the nearby countryside and forcibly robbed of approximately $40 cash. Defendants Reese and Snyder were tried together and convicted and sentenced as noted above. Considering initially the appeal of defendant Reese, we find that the contention that the guilty verdict against him was contrary to the evidence is totally without merit because said verdict is supported by the testimony of the victim, Boehm, at the trial that Reese participated directly in the physical attack involved in the perpetration of the robbery. Similarly without merit is the argument that the verdicts against Reese and Snyder are repugnant because they are under different subdivisions of section 160.10 of the Penal Law, ·which sets forth the various elements constituting the crime of robbery in the second degree. Verdicts need not necessarily be consistent (cf. *People v Williams,* 47 AD2d 262; *People v Hovnanian,* 16 AD2d 818, mot for rearg den 22 AD2d 686, overruled, in part, on other grounds *People v Huntley,* 15 NY2d 72, cert den 373 US 939) and the evidence here amply supports the verdicts against each defendant. Moreover, the record in this case indicates that Reese, but not Snyder, participated directly in the physical attack on Boehm. Such being the case, it is readily understandable why Reese was convicted of forcibly stealing property in the course of which physical injury was caused to a nonparticipant in the crime (Penal Law, § 160.10, subd 2, par [a]), while Snyder was convicted of forcibly stealing property "aided by another person actually present" (Penal Law, § 160.10, subd 1). Turning now to the appeal of defendant Snyder, we find that the verdict against her is supported by the evidence. Based upon the proof at the trial, the jury could properly find that she operated the vehicle which transported the victim to the secluded farmhouse and that she was present at the scene during the commission of the robbery. Furthermore, there is absolutely no indication that she reported the incident or otherwise attempted to aid in the apprehension of the perpetrators thereof or that she in any way tried to assist the victim, and such a record as this amply supports her conviction. As to her remaining contentions, they likewise are without merit. Section 70.00 of the Penal Law is not violative of the prohibition against cruel and unusual punishment contained in the Eighth Amendment to the Federal Constitution *(People v Venable,* 46 AD2d 73, affd *sub nom. People v Broadie,* 37 NY2d 100), and its mandatory sentencing provisions do not constitute an improper legislative infringement on the exercise of judicial discretion *(People v Broadie,* 45 AD2d 649, affd 37 NY2d 100). In addition, we have examined the trial court's charge to the jury and find it adequate under the circumstances. Judgments affirmed. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.