## FOURTH DEPARTMENT, FEBRUARY, 1980

### (February 20, 1980)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DAVIS, Appellant.—Case held, decision reserved and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: As a result of the stabbing death of Amelia De Long on October 25, 1976 in the Village of Kenmore, New York, the defendant was indicted for murder in the second degree (Penal Law, § 125.25, subds 1, 3) burglary in the second degree (Penal Law, § 140.25, subd 1, par [c]) and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [2]). Prior to trial the defendant moved, *inter alia,* to suppress certain statements, identification testimony and physical evidence "upon the ground that such evidence was obtained in violation of the defendant's constitutional and statutory rights". Combined *Huntley* and *Wade* hearings were held and the court subsequently denied the motions to suppress the admissions, the alleged murder weapon and the in-court identifications while granting the motions to suppress a tape recording of an interview between the police and the defendant, and a jacket allegedly worn by him. In doing so, the court made no factual findings and arrived at no conclusions on the issue of probable cause to arrest the defendant who argues that the legality of his arrest was at issue in the suppression hearing and that the People failed to sustain their burden of proof in that regard *(Dunaway v New York,*

442 US 200; *People v Lypka,* 36 NY2d 210). Accordingly, we remit the matter for a hearing and appropriate findings on this issue. (Appeal from judgment of Erie Supreme Court—murder, second degree.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.