THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RUSSELL NELSON, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JEROLD LEE USHER, Appellant.

Fourth Department, February 26, 1981

APPEARANCES OF COUNSEL

*Edward J. Nowak, Public Defender (Ann Pfeiffer* of
counsel for Russell Nelson and *Brian Shiffrin* of counsel for
Jerold Usher), for appellants.

*Donald O. Chesworth, District Attorney (Stephen Brent*
of counsel), for respondent.

CARDAMONE, J. P.

Defendants Usher and Nelson were both convicted after a jury trial of robbery in the third degree as the result of a mugging incident. There was ample evidence before the jury to sustain the guilty verdicts. The principal issue raised is whether the Rochester police had probable cause to detain defendant Usher for questioning at police headquarters on September 14, 1976 when he appeared there on an unrelated matter.

From this initial detention, everything else flowed. At that time Usher exculpated himself and implicated Smith, the actual perpetrator of this purse-snatching. Several days later, on September 18, Smith was questioned and he implicated both defendants Usher and Nelson. Then on September 20 Nelson implicated himself and Usher. The following day the police confronted Usher with Smith's and Nelson's statements and Usher confessed.

Defendant Usher's primary argument is that his initial detention on September 14 by police was illegal and that as a result, his subsequent self incriminating statement made a week later on September 21, should have been suppressed as the final link of the "rusty" chain emanating from his original detention.

At their suppression hearing defendants Usher and Nelson each moved to suppress their respective inculpating statements. Usher also moved to suppress the identification made of him at the scene of the mugging by an eyewitness.

There was conflicting testimony at the suppression hearing as to whether Usher voluntarily submitted to questioning on September 14 or was detained against his will. The trial court found that Usher had been the subject of a "detention". It concluded further, however, that this "detention" did not constitute an arrest. Therefore it made no findings regarding the existence or absence of probable cause to detain Usher.

Unless the People establish that the police had probable cause to detain a suspect, the detention takes on the quality of an illegal arrest and statements obtained by exploitation

of the unlawful detention must be suppressed *(Dunaway v New York*, 442 US 200, 216; *People v Misuis*, 47 NY2d 979, 981). This matter need not be remitted for a further hearing on the probable cause issue (cf. *People v Davis*, 74 AD2d 714; *People v Carter*, 72 AD2d 963) because at the suppression hearing Usher argued that his detention amounted to an arrest, and that there was no probable cause for this arrest. Defense counsel was afforded a full opportunity to cross-examine the police officers who effected Usher's detention. They were also questioned regarding their basis for such action (cf. *People v Carter, supra)* and the record reflects the People's evidence on this issue (cf. *People v Davis, supra)*. Where the defendant has received a full and fair hearing on the issue, we may make the necessary findings (see *People v Cruz*, 65 AD2d 558; *People v Massiah*, 47 AD2d 931), particularly where, as here, the defendant concedes that there is a sufficient record for this court to make a finding as to whether probable cause existed.

The testimony at the suppression hearing reveals the following facts: Joseph Perez, the eyewitness to the crime, gave police the plate number of the car used by the assailant to leave the scene. The plates were traced to one Nathaniel Griffen, on whose police record defendant Usher was identified as a known associate. Perez was subsequently shown an array of mug shots consisting of photographs of Usher and five or six others. He "tentatively identified" Usher as the driver of the vehicle. Police later determined that the vehicle belonged to Mrs. Vivian Murray, who gave police a statement to the effect that Usher was a frequent visitor to her residence and that he "hung around her son".

While the association of Usher and Griffen and the statement of Mrs. Murray either individually or combined, would provide no basis for reasonably believing that Usher was involved in this crime, the addition of the eyewitness' identification would, in our view, justify a prudent belief on the part of the police that Usher had been involved in the crime.

The problem with including the eyewitness identification as a basis for probable cause to arrest Usher is that the trial court found that the identification of defendant Usher made

by Perez was inadmissible at the trial. The reason for this determination was because the People failed to produce at the suppression hearing for the trial court's review the photo array which the police showed Perez from which, the police testified, Perez "tentatively" identified Usher. Since the "linchpin" in determining the admissibility of a pretrial identification at a trial is reliability (*Manson v Brathwaite*, 432 US 98, 114; *People v Graham*, 67 AD2d 172, 177), because of the underlying concern that a conviction should not be based on potentially unreliable evidence (see *Manson v Brathwaite, supra,* p 112), it was proper to exclude this identification from the trial. Plainly, however, the kinds and degree of proof required for a conviction are not the same as those prerequisites to a valid arrest (*Michigan v DeFillippo*, 443 US 31, 36). Thus, although not able to be used at his trial, Perez' identification of Usher may properly provide a basis for probable cause to arrest him. On the record before us, therefore, we conclude that probable cause to arrest Usher on September 14 was properly established (cf. *United States v Crews*, 445 US 463, 471) and that suppression of his September 21 confession should be denied.

■ The judgments of conviction must be modified in each case, however, by reversing the convictions of grand larceny in the third degree. As the District Attorney admits, in the circumstances here, grand larceny in the third degree is a lesser included offense of robbery in the third degree (*People v Acevedo*, 40 NY2d 701).

Finally, we have examined the defendants' other contentions and find them to be without merit.

The judgments of conviction should be modified in accordance with this opinion and, as modified, they should be affirmed.

SIMONS, CALLAHAN, DENMAN and SCHNEPP, JJ., concur.

Judgments unanimously modified, on the law, and as modified, affirmed, in accordance with opinion by CARDAMONE, J. P.