■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS TUGWELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Delury, J.), rendered June 10, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to defendant's contention, the evidence adduced at trial established his guilt beyond a reasonable doubt. It is settled that on appeal, we must view the facts most favorably to the People who prevailed (People v Malizia, 62 NY2d 755, 757, cert denied — US —, 105 S Ct 327), and assume that the jury credited the prosecution witnesses and gave the prosecution's evidence the full weight that might reasonably be accorded it (People v Bigelow, 106 AD2d 448). Further, on review of a criminal conviction where there is any evidence of guilt, the question of reasonable doubt should generally be left to the jury and the verdict left undisturbed unless clearly

against the weight of the evidence *(People v Bigelow, supra,* at p 449).

Viewed in this light, the evidence is clearly sufficient to support the verdict. The victim observed the defendant a number of times prior to his arrest and unequivocally identified him at trial. The accuracy of an eyewitness identification presents an issue of fact for jury resolution *(People v Dukes,* 97 AD2d 445). The alleged inconsistencies in the eyewitness testimony were fully explored and we find no basis to disturb the jury's resolution of the issues *(see, People v Gruttola,* 43 NY2d 116, 122; *People v Joyiens,* 39 NY2d 197, 203).

Although there was testimony by the police that bolstered the complainant's identification, it was not objected to and is not preserved for appellate review as a matter of law. Moreover, it appears that its use by defendant on cross-examination may have been part of a trial strategy to attack complainant's credibility as to identification.

Finally, under the circumstances of this case, the sentence imposed was not excessive. Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.