■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY PRICE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered September 21, 1983, convicting him of robbery in the first degree, assault in the second degree and criminal use

of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the standard for reviewing the legal sufficiency of the evidence in a criminal case is whether, after viewing the evidence in a light most favorable to the People, any rational trier of fact could have found that the defendant's guilt of the charged crimes had been proven beyond a reasonable doubt (see, People v Shapiro, 117 AD2d 688; People v Bauer, 113 AD2d 543). Furthermore, issues of credibility and the accuracy of an eyewitness's identification present issues of fact for the jury's resolution (see, People v Shapiro, supra; People v Tugwell, 114 AD2d 869). After reviewing the evidence adduced at the trial, we find no basis to disturb the jury's resolution of the issues. Additionally, upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt (see, CPL 470.15 [5]).

We have reviewed the record and conclude that the court properly admitted into evidence a broken gun butt found at the scene of the crime after the complainant's return home from the hospital. The broken gun butt was sufficiently connected to the defendant to render it admissible (see, People v McGee, 49 NY2d 48, 59; People v Mirenda, 23 NY2d 439, 453; People v Cunningham, 116 AD2d 585). Any question regarding the accuracy of the object went to its weight or probative force rather than to its admissibility (see, People v McNair, 32 AD2d 662). Nor does the record present us with any reason to substitute our discretion for that exercised by the trial court in imposing sentence (see, People v Farrar, 52 NY2d 302, 305; People v Suitte, 90 AD2d 80, 86-87). Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.