■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAUGHN GILMORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered December 6, 1983, convicting him of murder in the second degree (two counts), burglary in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's challenge to the hearing court's determination is without merit. The pretrial photographic identification procedures employed by law enforcement officials were not so "impermissibly suggestive" as to have given rise to a " 'very substantial likelihood of * * * misidentification' " (Manson v Brathwaite, 432 US 98, 107, 116; United States v Wade, 388 US 218).

Moreover, to the extent that the defendant's claim is directed toward the reliability or accuracy of the untainted in-court identifications, such is not the proper subject of a suppression hearing since the court is not required to make "a threshold inquiry into the reliability of [such] identification testimony" (People v Reeves, 120 AD2d 621, 622, lv denied 69 NY2d 715). Rather, the reliability of untainted in-court identification testimony "presents an issue of fact for jury resolution" (People v Dukes, 97 AD2d 445; see, People v Ganci, 27 NY2d 418, 429, cert denied 402 US 924).

We find unpersuasive the defendant's contention that he

was denied a fair trial due to several remarks made by the prosecutor in his closing statements. Although these remarks may have been improper, any objections asserted were sustained and the court promptly issued curative instructions which were sufficient to dispel whatever prejudicial effect those remarks may have had (see, *People v Jones*, 120 AD2d 747; *People v Walters*, 116 AD2d 757, *lv denied* 67 NY2d 891). Moreover, the cumulative effect of the comments was not so prejudicial as to have compromised the defendant's right to a fair trial (see, *People v Roopchand*, 107 AD2d 35, *affd* 65 NY2d 837).

Finally, the defendant's claim that the trial court's directive not permitting entry to or egress from the courtroom during the jury charge deprived him of his right to a public trial is unpreserved for review and is, in any event, without merit. The court properly exercised its discretion in an effort to insure that any possible distraction for the jurors in the course of the charge be averted (see, *People v Zenger*, 134 AD2d 640).

We have examined the remainder of the contentions asserted by the defendant in his *pro se* supplemental brief and find them to be either unpreserved for our review or without merit. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.