■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO ROLDOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered July 18, 1986, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the hearing court properly denied his motion to suppress his admission to the police that he was also known as "Wolf". The record shows that the admission was not the result of any custodial interrogation and, therefore, did not need to be preceded by *Miranda* warnings *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Bailey,* 140 AD2d 356).

Nor do we find any error in the admission into evidence by the trial court of a pair of boots which the defendant admitted he wore on the night of the murder. The People made an adequate showing to connect the defendant, the boots and the crime. That the blood drops found on the boots could not be matched with the victim's blood goes to their evidentiary weight and not to their admissibility *(see, People v Mirenda,* 23 NY2d 439; *People v Price,* 128 AD2d 648).

We agree with the defendant that the court should have augmented its charge by stating that reasonable doubt could arise from a lack of evidence as well as from the evidence presented *(see, People v Cullum,* 123 AD2d 397; *People v Ostin,* 62 AD2d 1004; 1 CJI[NY] 6.20). However, because the defendant did not request the charge which he now complains was erroneously omitted and failed to except to the charge as given, his claim is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, in light of the overwhelming evidence of the defendant's guilt, the error was harmless *(see, People v Crimmins,* 36 NY2d 230).

Given the horrific and brutal circumstances of this murder, there is no basis to reduce the defendant's sentence which, we

note, did not exceed the sentence imposed after the first trial of this case (see, *People v Roldos,* 112 AD2d 388).

We have examined the defendant's remaining contentions and find that they are unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.