(December 27, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIMITRI LEONIDOW, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered September 9, 1987, upon a verdict convicting defendant of the crime of, *inter alia,* robbery in the second degree.

Defendant was indicted as a result of an altercation which took place in front of his residence on the night of February 21, 1987. Approximately 30 people attended an impromptu beer party held at defendant's home. Defendant and two others, William Fuller and Thomas Devine, followed one of the uninvited guests, Allan Knapp, as he left the party. As Knapp reached the end of the driveway, defendant struck Knapp in the face and Fuller hit him in the stomach. In an attempt to flee, Knapp stumbled and fell. While Knapp was lying on the ground, Devine removed Knapp's wallet from his jeans' rear pocket and took $110; part of the money was retained by Devine and the rest was given to defendant and Fuller.

Devine and Fuller entered into plea arrangements with the People as a consequence of which they were required to testify at defendant's trial. The jury convicted defendant of robbery in the second degree and petit larceny; however, at sentencing the latter conviction, being a lesser included offense of the

robbery, was dismissed by County Court. Defendant, a predicate felon, received an indeterminate term of imprisonment of 5 to 10 years.

At the outset, "[w]e must of course assume that the jury credited the People's witnesses and thus must view the facts most favorably to the prosecution" *(People v Montanez,* 41 NY2d 53, 57; *see, People v Tugwell,* 114 AD2d 869). Here, defendant was present at the time of the robbery and, in concert with Devine and Fuller, was the one who initiated the confrontation with Knapp and was directly involved in the assault against him *(see, People v Dorsey,* 112 AD2d 536; *People v Reese,* 50 AD2d 970). A person is guilty of robbery in the second degree when, aided by another, he forcibly steals property (Penal Law § 160.10 [1]). Devine stated that defendant, whom he had met only once or twice before, told him during the evening's festivities that "[he] want[ed] to get $100 from someone at the party" and that defendant informed Devine when the victim left the party by stating "[t]hat guy is leaving". Devine, who concededly was "pretty drunk" at the time of the incident, also indicated that he, defendant and Fuller, with whom he had never spoken, followed Knapp for the purpose of robbing him. In his testimony, defendant admitted that he slapped Knapp and received $60 which Devine had taken from the latter's wallet. Knapp testified that defendant said "You owe me" immediately before striking him, and that Fuller and Devine held him while defendant hit him.

In our view, the record demonstrates that the People established each element of the crime charged and defendant's guilt beyond a reasonable doubt *(see, People v Tugwell,* 114 AD2d 869, *supra).*

Judgment affirmed. Kane, J. P., Mikoll and Levine, JJ., concur.

Yesawich, Jr., and Mercure, JJ., dissent and vote to reverse in a memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We respectfully dissent and vote to reverse the conviction.

While we do not dispute that the People established each element of the crime, contrary to the majority we do not believe that our inquiry is therefore at an end *(see, People v Bleakley,* 69 NY2d 490, 495). As *People v Bleakley (supra)* admonishes, the fact that a jury returned a guilty verdict does not relieve us of our obligation to determine whether that verdict is against the weight of the evidence. A jury is not

infallible; when it fails to give the evidence the weight it should be accorded, the jury's verdict may, indeed should, be set aside *(supra,* at 495).

In this case, after reviewing all the credible evidence we conclude that a finding contrary to the conviction is both reasonable *(see, supra)* and believable. The only evidence that defendant, William Fuller and Thomas Devine planned to forcibly steal money from Allan Knapp emanates from Devine's statements. Because this testimony was given in exchange for a favorable plea bargain—he was allowed to plead to attempted robbery in the second degree—it does not have the inherent reliability afforded disinterested witnesses *(see, People v Duncan,* 46 NY2d 74, 79, *cert denied* 442 US 910).

In any event, the remainder of the witnesses at trial, who notably were almost entirely the People's witnesses, depicted a completely different scenario. From them, there is credible testimony that when Knapp left the party defendant and Fuller, each acting independently, followed him as he exited the house. Devine, however, did not follow Knapp but instead approached his friend, Peter Grampp, with whom he had come to the party and who was standing across the street by his car and preparing to leave. At the end of the driveway, defendant stopped Knapp and slapped him across the face. According to defendant, he was angry at Knapp for repeatedly spilling beer on his guests, and flirting with his girlfriend and a male guest. Fuller, a 17-year-old boy who had trailed a short distance behind defendant, testified that he then punched Knapp in the stomach and that he did so because Knapp had spilled beer on him. Knapp twisted away, slipped and fell to the ground. Only after Knapp had fallen, and defendant and Fuller had left him lying on the ground, did Devine leave Grampp, advance to the victim and remove his wallet. Devine then walked over to Fuller and defendant who were standing approximately 15 feet away and handed each of them some of the proceeds.

Based upon the evidence presented by the People, without more, a finding that defendant was not involved in the theft and that Devine acted alone is not at all unreasonable. While defendant's actions were clearly wrongful, the evidence does not support a finding that the trio of Devine, Fuller and defendant, or for that matter that defendant and Devine or Fuller, intentionally acted in concert with one another to forcibly steal Knapp's property. As the verdict is not supported by the weight of the evidence, it must be set aside *(see,*

*People v Bleakley, supra,* at 495) and the indictment against defendant dismissed.