■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS MEDINA, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Bamberger, J.), rendered February 9, 1989, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and three counts of criminal possession of a controlled substance in the third degree, for which defendant was sentenced as a second felony offender to concurrent terms of six to twelve years and four and one-half to nine years, respectively, unanimously modified, on the law, to reverse the conviction with respect to counts three and four of the indictment, and to dismiss those charges, and otherwise affirmed.

Defendant was convicted following a jury trial at which a police officer testified that defendant was observed selling narcotics. Defendant now challenges the court's *Sandoval* ruling, in which cross-examination was permitted as to two

felony and three misdemeanor convictions in 1977 and 1979, without inquiry into the nature of or the underlying facts of any of those crimes. However, by failing to object to the *Sandoval* ruling, defendant has waived appellate review as a matter of law. Indeed defendant requested the *Sandoval* compromise as charged. In view of this limited inquiry which was permitted, we would find no infirmity in the *Sandoval* ruling on the ground that the subject convictions were too remote in time. *(See, e.g., People v Ortiz,* 156 AD2d 197, *lv denied* 76 NY2d 740; *see, People v Yeaden,* 156 AD2d 208, *lv denied* 75 NY2d 872.)

The charge as given, although not tracking the suggested language of the Criminal Jury Instructions (1 CJI[NY] 6.20, at 248), sufficiently conveyed the import of the phrasing requested by defense counsel.

We find no basis to reverse for the court's failure to augment its charge by stating that reasonable doubt can arise from a lack of evidence as well as from the evidence presented. *(See, People v Roldos,* 161 AD2d 610, *lv denied* 76 NY2d 864.)* Finally, the People concede on the basis of our ruling in *People v Snyder* (154 AD2d 269, *lv denied* 75 NY2d 776), that counts three and four of the indictment, charging criminal possession of a controlled substance in the third degree, stem directly from charges for criminal sale, and should be dismissed in the interest of justice. Concur—Milonas, J. P., Kupferman, Asch, Kassal and Smith, JJ.