◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (John E.H. Stackhouse, J.), rendered February

25, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree (3 counts), criminal possession of a controlled substance in the third degree (3 counts), and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 5 to 10 years on each felony conviction, unanimously modified, on the law, the facts, and as a matter of discretion in the interest of justice, to reverse the conviction with respect to counts 4, 5 and 6 of the indictment and to dismiss those charges, and the matter is remanded to Supreme Court, Bronx County, for pronouncement of sentence on defendant's conviction of criminal possession of a controlled substance in the seventh degree under count 7 of the indictment, and otherwise affirmed.

The People's witnesses at trial testified that defendant sold two vials of crack cocaine to an undercover narcotics officer, was observed at close range by the arresting officer making two additional sales of one and two vials of crack cocaine, respectively, to apprehended purchasers, and was found to be in possession of one additional vial of crack cocaine upon arrest. Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (*People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crimes charged was proved by overwhelming evidence (*see, People v Bleakley,* 69 NY2d 490). Contrary to defendant's argument on appeal, there were no significant inconsistencies in the testimony of the police officers, and his claim that the officers arrested defendant merely to enhance their promotional opportunities is without any factual basis. The jury's determination to credit the police testimony regarding defendant's activities at the time in question and to reject defendant's testimony thereon is entirely reasonable and will not be disturbed by this court (*see, People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

As counts 4, 5 and 6 of the indictment, charging criminal possession of a controlled substance in the third degree, stem directly from charges for criminal sale of a controlled substance, dismissal is warranted in the interest of justice (*see, e.g., People v Medina,* 171 AD2d 559, *lv denied* 78 NY2d 924).

A review of the record indicates that the sentencing court inadvertently omitted to pronounce sentence on defendant's conviction of criminal possession of a controlled substance in the seventh degree, and thus the matter is remanded for

pronouncement of sentence thereon (CPL 380.20). Concur—Milonas, J. P., Wallach, Kupferman and Smith, JJ.