■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO PLA, Appellant. [620 NYS2d 2] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered August 28, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal use of drug paraphernalia in the second degree, and sentencing him as a second felony offender to concurrent terms of 5 to 10 years and 6 months, respectively, unanimously affirmed.

Although the defendant was not present when the sale was negotiated, he supplied the baking powder with which the cocaine was converted to crack, and supplied the colored bags into which the seller placed the finished product which then was given to the undercover officer. The evidence established beyond a reasonable doubt that the defendant knew that the commodity sold was cocaine, and that he intentionally aided (Penal Law § 20.00) in the preparation of the crack for sale *(People v Kaplan,* 76 NY2d 140). The evidence of his accomplice liability was legally sufficient and not against the weight of the evidence. Viewing the instructions in this regard as a whole *(People v Goodfriend,* 64 NY2d 695, 697), the court properly distinguished the different elements essential to the substantive criminal sale charge as well as the theory of

acting in concert *(People v Kaplan, supra).* The court's reasonable doubt charge was not erroneous. The "may honestly say" phrasing did not direct the jury that they must articulate their doubt *(People v Antommarchi,* 80 NY2d 247, 251-253), and the "reflect the truth" phrasing did not diminish the People's burden of proof *(People v Rawls,* 187 AD2d 353, *lv denied* 81 NY2d 845). The court's refusal to instruct the jury, in the context of a supplemental instruction, that reasonable doubt can arise from the lack of evidence, is not reversible error *(People v Medina,* 171 AD2d 559, 560, *lv denied* 78 NY2d 924).

We have considered defendant's remaining claims and find they do not warrant reversal. Concur—Ellerin, J. P., Kupferman, Williams and Tom, JJ.