■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO GONZALEZ, Appellant. [624 NYS2d 432] —Judgments, Supreme Court, Bronx County (David Stadtmauer, J.), rendered November 12, 1991, convicting defendant, after jury trial of murder in the second degree, and upon plea of guilty in connection with an unrelated case, of murder in the second

degree, and sentencing him to concurrent terms of 25 years to life, and order of the same court and Justice entered on or about May 4, 1994, denying defendant's CPL 440.10 motion to vacate the judgments, affirmed.

In the special circumstances herein, including defendant's absence from the jurisdiction and evasion of the authorities for more than seven years, as well as the retirement status of the police officer in question and the loss of his memo book during the ten-year period between the incident and trial, and in light of defense counsel's exploration of the issue on cross-examination and in summation and no showing of prosecutorial fault or prejudice to the defendant, the trial court did not err in refusing to give an adverse inference charge *(see, People v Torres,* 197 AD2d 488, *lv denied* 82 NY2d 931).

Defendant did not object to any of the prosecutor's summation comments he now claims deprived him of a fair trial and thus did not preserve his claim of error (CPL 470.05; *People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). We decline interest of justice review.

As the Medical Examiner's audiotape of the autopsy does not constitute *Rosario* material, the People were not required to provide it to the defense *(People v Nova,* 206 AD2d 132; *People v Smith,* 206 AD2d 102).

Since the conviction after trial is being affirmed, and there is no independent challenge to the plea conviction, it too must be affirmed. Concur—Sullivan, J. P., Ellerin and Williams, JJ.

Kupferman, J., concurs in the result only in a memorandum as follows: With respect to the Medical Examiner's audiotape, I concur in the result only *(see, People v Ford,* 211 AD2d 438, 439 [Kupferman, J., concurring]).