■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO CORBIN, Appellant. [624 NYS2d 428] —Judgment, Supreme Court, Bronx County (Phyllis Skloot Bamberger, J.), rendered January 7, 1992, convicting defendant, after a jury trial, of four counts of murder in the second degree, and sentencing him to consecutive terms of 23 years to life on the first two counts and to concurrent terms of 23 years to life on the remaining counts, and order of the same court and Justice, entered on or about August 12, 1994, denying defendant's motion to vacate the judgment of conviction, unanimously affirmed.

Contrary to defendant's contention, the trial court's responses to the notes submitted by the jury were appropriate, meaningful and in no way coercive (CPL 310.30; *see, People v Almodovar,* 62 NY2d 126, 131-132). Rather, the supplemental charge was neutral and reminded all the members of the jury

of their duty to deliberate, to listen to each other's views and, if they still believed in their position, to adhere to it *(see, People v Mack,* 156 AD2d 158, *lv denied* 75 NY2d 870). Further, after the supplemental charge was provided, the jury continued to deliberate for almost two days before returning with its verdict *(supra).* Although the trial court should have augmented its charge by stating that reasonable doubt could arise from a lack of evidence as well as from the evidence presented, any error in this regard was harmless in light of the overwhelming evidence of defendant's guilt *(People v Roldos,* 161 AD2d 610, *lv denied* 76 NY2d 864; *People v Medina,* 171 AD2d 559, 560, *lv denied* 78 NY2d 924).

Although it was error to admit the document from the Department of Correction to contradict defendant's testimony on the collateral issue of his drug use, this error was also harmless *(People v Coltrain,* 202 AD2d 181, *lv denied* 83 NY2d 909).

As defendant concedes, this Court has already rejected the argument that the failure to turn over documents and audiotapes in the possession of the Medical Examiner's Office constitutes a *Rosario* violation, and we decline to reconsider our position *(People v Smith,* 206 AD2d 102; *People v Nova,* 206 AD2d 132).

We have considered defendant's remaining contention and find it meritless. Concur—Wallach, Asch and Tom, JJ.

Rosenberger, J. P., and Kupferman, J., concur in the result only in a memorandum by Kupferman, J., as follows: See my concurrences in *People v Ford* (211 AD2d 438, 439) and *People v Gonzalez* (214 AD2d 308, 309 [decided herewith]).