■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE LOVACCO, Appellant. [650 NYS2d 672] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered January 15, 1993, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree, and sentencing him to concurrent terms of 21 years to life and 5 to 15 years, respectively, unanimously affirmed.

The People's evidence, detailing defendant's role in removing property from the victim while he was being held at gunpoint by an accomplice, and the victim's subsequent death by shooting, clearly establish defendant's guilt of robbery and felony murder. The non-accomplice testimony demonstrating defendant's presence with his accomplices in the back portion of the jewelry store, and his conduct in sending away a potential customer while the victim, who was the owner of the store, was crouched nearby, tended to connect defendant to the commission of the crimes (*see*, CPL 60.22; *People v Hudson*, 51 NY2d 233, 240). Based upon our independent review of the facts, we also find that the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490).

We reject defendant's arguments concerning evidence of uncharged crimes. Under the unique circumstances of this case, it was not error to admit evidence concerning a bank robbery in Rochester. This evidence was highly relevant to the credibility of the accomplice witness (*see, People v Bernard*, 224 AD2d 192, *lv denied* 88 NY2d 964; *People v Steinberg*, 170 AD2d 50, 73, *affd* 79 NY2d 673), in connection with the burglary charge of which defendant was not convicted (*see, People v Le Grand*, 76 AD2d 706; *People v Civitello*, 152 AD2d 812, *lv denied* 74 NY2d 947). Thus, the prejudice, if any, would appear minimal. Defendant's arguments concerning other alleged uncharged crimes evidence are largely unpreserved, since defendant either failed to object (*see, People v Hicks*, 226 AD2d 189, *lv denied* 88 NY2d 966) or objected on different grounds (*see, People v Vargas*, 168 AD2d 317, *lv denied* 77 NY2d 968), and are, in any event, without merit. The only preserved claim, regarding testimony that a gun was observed in defendant's bedroom, is without merit since defendant was alleged to have used a gun in a burglary three weeks before the charged crimes, and any inconsistencies in the description of the weapon by the witnesses went to the weight of the evidence, and not its admissibility (*see, People v Grant*, 194 AD2d 348, *lv denied* 82 NY2d 754).

Since it is undisputed that defendant was present in the courtroom at the time of the *Ventimiglia* hearing, and nothing in the record suggests that the proceedings were held outside defendant's hearing, there is no basis upon which to order a reconstruction hearing (*see, People v Archibald*, 211 AD2d 451, *lv denied* 85 NY2d 935).

Defendant's remaining contentions are without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Tom, JJ.