■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IONEL DINCA, Appellant. [664 NYS2d 925] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered September 5, 1995, convicting him of reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the verdict was against the weight of the evidence because only one witness identified him as the perpetrator. In addition, he contends, it was likely he was misidentified since the perpetrator had been described as a dark-eyed Middle-Eastern man, whereas he had green eyes and was from Romania. However, since "issues of credibility and the accuracy of an eyewitness's identification present issues of fact for the jury's resolution" (*People v Price,* 128 AD2d 648, 649), the jury's conclusion that the identification was reliable should not be second-guessed (*People v Gruttola,* 43 NY2d 116). Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Cooper,* 205 AD2d

697), and we decline to reach it in the exercise of our interest of justice jurisdiction. Thompson, J. P., Joy, Friedmann and Krausman, JJ., concur.