■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER GRANT, Appellant. [688 NYS2d 130] —Judgment, Supreme

Court, Bronx County (Nicholas Iacovetta, J.), rendered September 20, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's guilt of possession with intent to sell was established by testimony that shortly after selling powdered cocaine to an undercover officer, defendant was found to be in possession of 11 vials of crack cocaine, together with the buy money used in the sale and additional currency. This evidence permitted a reasonable inference that defendant had more than one variety of drugs for sale (see, People v Wager, 255 AD2d 136).

The court properly denied defendant's request for an adverse inference instruction concerning a destroyed document. On cross-examination of the arresting officer, it was revealed that a NITRO (Narcotics Investigative Tracking Recidivist Offender) form, which he had generated using information contained in the on-line booking sheet and vouchers furnished to defendant at trial, had been routinely destroyed (see, People v Joseph, 86 NY2d 565, 572) by the Police Department shortly after information from the form had been transferred to the computer system. To the extent that some of the information on the NITRO form may be construed to constitute Rosario material, defendant was not prejudiced by its destruction. The subject matter and approximate contents of the form may be ascertained despite its destruction (see, People v Joseph, supra, at 570; People v Smith, 235 AD2d 639, 641, lv denied 89 NY2d 1041). Besides being given a computer printout of the information contained on the destroyed form, defendant rigorously cross-examined the police witnesses, and, in summation, utilized the failure to preserve the form (see, People v Gonzalez, 214 AD2d 308, lv denied 86 NY2d 735).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.