■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY SLADE, Appellant. [724 NYS2d 588] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered May 29, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The jury properly rejected defendant's agency defense (*see, People v Lam Lek Chong*, 45 NY2d 64, 74-75, *cert denied* 439 US 935). "The evidence established that defendant acted primarily, if not exclusively, for his own advantage, particularly since there was no evidence that defendant had any other reason to risk arrest by assisting a total stranger in purchasing drugs." (*People v Elvy*, 277 AD2d 80.)

There was no *Rosario* violation concerning a chemist's notes. Since that chemist did not testify, the undisclosed notes were

not *Rosario* material, and did not become *Rosario* material vicariously when another chemist tested the drugs and testified (*see, People v Ford*, 211 AD2d 438).

The court properly exercised its discretion in denying defendant's mistrial motions based on various comments by the prosecutor during her opening statement and summation. With respect to objections that were sustained, the court's curative instructions were sufficient to prevent any prejudice (*see, People v Santiago*, 52 NY2d 865). The other summation remarks challenged by defendant on appeal constituted fair comment on the evidence in response to defense arguments (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976).

We have considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Lerner and Buckley, JJ.