■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY SHIVERS, Appellant. [753 NYS2d 354] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered March 5, 1998, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him, as a second felony offender, to a term of 13 years, unanimously affirmed.

While the court's charge should have included, as requested by defendant, some balancing language conveying the principle that a reasonable doubt could arise from the insufficiency or lack of evidence (*see People v Corbin*, 214 AD2d 318, *lv denied* 86 NY2d 780; *compare People v Reinoso*, 257 AD2d 484, *lv denied* 93 NY2d 901), the error was harmless in light of the overwhelming proof of defendant's guilt. Moreover, defendant's claim that the charge shifted the burden of proof is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's charge could not have been interpreted by the jury in that fashion. We would also express our disappointment that our attention once again must be directed to trial courts' deviation without explanation or, as we see it, justification from the standard and approved Criminal Jury Instructions (*see e.g.* 1 CJI[NY] 2.51, 6.20; *see also* CJI[NY]2d Presumption of Innocence; Burden of Proof; Reasonable Doubt).

With suitable limiting instructions, the court properly admit-

ted a statement that was not offered for its truth but to complete the narrative and to explain the actions of the police (*see People v Jackson*, 298 AD2d 144). As defendant concedes, his Confrontation Clause objection is unpreserved (*see People v Maher*, 89 NY2d 456, 460 n 1), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*People v Tosca*, 287 AD2d 330, 330-331, *affd* 98 NY2d 660). Concur—Nardelli, J.P., Tom, Ellerin, Friedman and Marlow, JJ.