■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN REEVES, Appellant. [60 NYS3d 607]—

Appeal from a judgment of the Onondaga County Court (Donald E. Todd, A.J.), rendered January 11, 2013. The appeal was held by this Court by order entered June 10, 2016, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (140 AD3d 1584). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from is reversed on the law, that part of defendant's omnibus motion seeking to suppress pretrial identification testimony is granted, and a new trial is granted.

Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court for a hearing pursuant to CPL 710.60 (4) on that part of defendant's omnibus motion seeking to suppress the pretrial identification testimony of the undercover police officer who allegedly engaged in a transaction with defendant to purchase cocaine more than a year prior to defendant's arrest (*People v Reeves*, 140 AD3d 1584 [2016]). We concluded that the court had erred in summarily refusing to suppress the challenged testimony on the ground that the identification procedure was "confirmatory," and we ordered a hearing to test the reliability of the People's identification testimony. Following the hearing upon remittal, the court denied suppression. We now reverse the judgment of conviction, grant that part of defendant's omnibus motion seeking to suppress the pretrial identification testimony, and grant a new trial.

In our prior decision, we identified in the People's evidence three deficiencies that raised serious and substantial doubts concerning the reliability of the identification procedure utilized by the police. First, the People failed to produce the photograph that was viewed by the undercover officer shortly after the alleged transaction with defendant. Second, defendant was not arrested until more than a year later by a police officer from a different police agency. Third, no postarrest identification procedures were conducted by the police. The hearing record establishes that the People failed to address or remedy those deficiencies.

At the hearing, the People attempted to introduce in evidence a photograph that was allegedly used by the undercover officer. The court refused to admit the photograph in evidence, however, on the grounds that the People failed to produce it during discovery and that, in their discovery responses, the People expressly denied the existence of any photographs in the People's possession. Thus, the photograph, i.e., the linchpin to the undercover officer's identification of defendant, was not before the court, and we conclude that its absence created a presumption of unreliability in the pretrial identification of defendant by the undercover officer (*see generally People v Holley*, 26 NY3d 514, 521-523 [2015]).

We further note that the People failed to adduce any evidence detailing the procedures used to obtain the photograph at issue (*see generally People v Campos*, 197 AD2d 366, 367 [1993], *lv denied* 82 NY2d 892 [1993]). The undercover officer testified that he was given the name "Kevin Reeves" by a confidential informant. The confidential informant did not testify. Significantly, the officer could not recall if the confidential informant gave him any identifying factors about "Kevin Reeves" such as height, description, or skin color. The officer testified that he entered the name "Kevin Reeves" into a law enforcement computer database and that his search resulted in a photograph that he printed and viewed after the drug transaction. The officer did not testify, however, as to which search criteria he used, how many photos he viewed in response to his search criteria, and how he may have distinguished among more than one photograph generated by his search. As a result of the above shortcomings in the People's evidence, we conclude that the People failed to rebut the presumption of unreliability of the pretrial identification created by the absence of the photograph (*see generally Holley*, 26 NY3d at 521-523).

In light of the foregoing, we further conclude that the People failed to meet their burden of proof on the issue of reliability, and the pretrial identification testimony of the undercover officer based on the photograph should have been suppressed (*see People v Nelson*, 79 AD2d 171, 174-175 [1981]).

We respectfully disagree with a number of the conclusions reached by our dissenting colleague. Initially, we note that this was a CPL 710.60 hearing. CPL article 710, concerning motions to suppress evidence, provides a method for a defendant "aggrieved by unlawful or improper acquisition of evidence" to suppress or exclude the use of that evidence against him in a criminal action (CPL 710.20). The term "suggestive" is not used in any section in CPL article 710. Instead, the article speaks of

"improper identification testimony" (CPL 710.20) and "improperly made previous identification of the defendant" (CPL 710.20 [6]). We observe that the common-law concern about "suggestiveness" in police pretrial identification procedures arises in the context where there are at least three participants, i.e., the police officer, the complaining witness or eyewitness, and the suspect. The law of "suggestiveness" has evolved out of the concern with the police "conveying the suggestion to the witness that the one presented is believed guilty by the police" (*United States v Wade*, 388 US 218, 234 [1967]). Here, that concern is not present as there simply was no complaining witness or eyewitness to whom the police could suggest an identification.

We also disagree with the dissent's improper casting of the initial burden of proof upon defendant in the context of this hearing. The dissent criticizes defendant for not disputing that the photograph was not of him. That approach is contrary to the well settled rule that the People bear the burden of going forward in the first instance to "establish[ ] the reasonableness of the police conduct in a pretrial identification procedure" (*People v Jackson*, 98 NY2d 555, 559 [2002]). Inasmuch as the People failed to enter their proffered photograph in evidence, we conclude that it is improper to suggest that defendant had any obligation to challenge the photograph.

We further disagree with the dissent's reliance upon a photograph that was not received in evidence at the hearing, and is not in this record, to reach the conclusion that the identification procedure was reliable and not suggestive. Even assuming arguendo that "suggestiveness" is the test, we note that there is a well settled burden-shifting mechanism when the police fail to preserve and produce a photograph used in a pretrial identification (*see Holley*, 26 NY3d at 521-522). In such a case, failure to preserve the subject photograph or photographs used in the pretrial identification procedure "creates a rebuttable presumption that the People have failed to meet their burden of going forward to establish the lack of suggestiveness" (*id.* at 522 [internal quotation marks omitted]). The People may rebut the presumption by testimony from the involved police officer or officers with respect to, inter alia, which search criteria were entered into the computer database, how many photographs were returned on such criteria, and how many photographs were viewed (*see id.*). The People adduced no such testimony in this case.

As to the dissent's discussion of our rejection of defendant's weight of the evidence challenge in the prior appeal, we simply

note that the determination in that appeal was based upon the trial record as it existed at that time, and that the record on the prior appeal included the undercover officer's testimony concerning the now-precluded photograph and now-suppressed pretrial identification procedure. In that prior appeal, we addressed defendant's weight of the evidence challenge to the trial record because defendant raised it as an independent ground for reversal, and because it was expeditious to do so as a matter of judicial economy (*Reeves*, 140 AD3d at 1584).

Regarding our prior determination, we note that in conducting a weight of the evidence review, this Court acts as a thirteenth juror and decides which facts have been proven at trial (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). It is well settled that weight of the evidence considerations do not involve the threshold legal issue of admissibility (*see generally People v Lovacco*, 234 AD2d 55, 55 [1996], *lv denied* 89 NY2d 1096 [1997]; *People v McNair*, 32 AD2d 662, 662 [1969]), and that "the accuracy of an eyewitness identification remains a question of fact for the jury" (*People v Balsano*, 51 AD2d 130, 132 [1976]). On the other hand, at a suppression hearing, the court is presented with the *legal* question of admissibility of identification testimony "upon the prospective trial of such charge owing to an improperly made previous identification of the defendant by the prospective witness" (CPL 710.20 [6]; *see People v Cherry*, 26 AD3d 342, 343 [2006], *lv denied* 10 NY3d 839 [2008]). On the present appeal, we are concerned with the distinct threshold legal issue of admissibility, not weight of the evidence.

Contrary to the conclusion of the dissent that defendant's challenge to the police's identification procedure was narrowly limited to suggestiveness, we note that the part of defendant's omnibus motion seeking suppression was based on CPL 710.20 (6)—which is not in any manner limited to "suggestiveness"—and on the broad grounds that the pretrial identification procedure was "unnecessarily suggestive and conducive to a *substantial likelihood of irreparable misidentification* in violation of . . . the Constitution of New York State and the United States Constitution" (emphasis added).

Finally, we disagree with the dissent's conclusion that this is the "first reported case in New York where identification testimony has been suppressed in the absence of a finding of suggestiveness." As we held long ago in *Nelson* (79 AD2d at 174), the " 'linchpin' in determining the admissibility of a pretrial identification at a trial is reliability." "[B]ecause of the underlying concern that a conviction should not be based on

potentially unreliable evidence," we held in *Nelson* that "it was proper to exclude this identification from the trial" (*id.*).

In light of the foregoing and, contrary to the dissent's analysis, we decline to unduly restrict CPL article 710 to the narrow concept of "suggestiveness."

All concur except Lindley, J., who dissents and votes to affirm in the following memorandum.

Lindley, J. (dissenting). I respectfully dissent. As stated in my concurrence in the prior appeal, I do not believe that there is any legal basis to suppress identification testimony of a witness based on the alleged unreliability of the witness's identification unless the identification is the product of unduly suggestive police procedures (*see People v Reeves*, 140 AD3d 1584, 1587-1588 [2016]). Indeed, a suppression court is not required to make "a threshold inquiry into the reliability of . . . identification testimony" (*People v Reeves*, 120 AD2d 621, 622 [1986], *lv denied* 69 NY2d 715 [1986]), and "the reliability of untainted in-court identification testimony 'presents an issue of fact for jury resolution' " (*People v Gilmore*, 135 AD2d 828, 828 [1987], *lv denied* 71 NY2d 896 [1988]; *see People v Dukes*, 97 AD2d 445, 445 [1983]).

This is the first reported case in New York where identification testimony has been suppressed in the absence of a finding that the identification was influenced by unduly suggestive police procedures. In *People v Nelson* (79 AD2d 171 [1981]), cited by the majority, we did not suppress identification testimony on reliability grounds, nor did the trial court. Instead, the trial court suppressed identification testimony "because the People failed to produce at the suppression hearing for the trial court's review the photo array" shown to the witness by the police (*id.* at 174). Without the photo array, the People could not have met their initial burden of establishing "the lack of any undue suggestiveness" in the identification (*People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]).

Although we stated in *Nelson* that the " 'linchpin' in determining the admissibility of a pretrial identification at a trial is reliability" (*id.* at 174), in doing so we quoted from *Manson v Brathwaite* (432 US 98, 114 [1977]), which held that, even when an identification is the product of unduly suggestive police procedures, the witness may nevertheless offer identification testimony at trial if, upon an examination of the totality of circumstances, it appears that the testimony "possesses certain features of reliability" (*id.* at 110). The federal rule set forth in *Manson*, which was rejected by the New York State Court of Appeals shortly after *Nelson* was decided (*see People v Adams*,

53 NY2d 241, 249-251 [1981]; *see also People v Marte*, 12 NY3d 583, 586-587 [2009], *cert denied* 559 US 941 [2010]), does not stand for the proposition that identification testimony should be suppressed on reliability grounds absent a finding that it was influenced by unduly suggestive police procedures.

In any event, even assuming, arguendo, that the majority is correct that we may suppress identification testimony that we deem to be insufficiently reliable, I do not find anything unreliable about the identification testimony at issue here. The undercover officer who purchased cocaine from defendant looked at a photograph of defendant approximately 15 to 20 minutes before the transaction and then again 10 minutes afterward. In my view, that was a reliable way for the undercover officer to identify the person who sold cocaine to him.

The only conceivable basis to conclude that the undercover officer's identification of defendant was unreliable is if the person depicted in the photograph was not defendant but, instead, another man with the same name and similar looks who also happened to live in Syracuse. The People produced the photograph at the hearing and offered it in evidence, but defendant opposed its admission on the ground that it had not been turned over prior to trial. County Court sided with defendant and refused to admit the photograph in evidence. Although defendant was able to see the photograph at the hearing, he has never contended that the photograph was of someone else. In fact, defendant has never contended, not even on resubmission of this appeal, that the undercover officer's identification of him was unreliable. Instead, defendant merely contends that the identification was tainted by suggestive police procedures. Thus, the majority is reversing the judgment of conviction and suppressing evidence based on a ground that has never been raised by defendant.

Finally, I note that, if the undercover officer's identification of defendant is so unreliable that he should be barred from testifying about it at trial, it would seem that the verdict, which was based largely on the officer's identification testimony, would be against the weight of the evidence. Yet the majority rejected defendant's challenge to the weight of the evidence (*Reeves*, 140 AD3d at 1584), properly so in my view. I understand that there is a difference between the legal admissibility of identification testimony and the weight that should be accorded to such evidence, but the fact remains that the majority is upholding a verdict that is based almost exclusively on testimony that it deems too unreliable to present to the jury.

Present—Carni, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.