■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ALVARES, Appellant. [631 NYS2d 668] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered February 17, 1993, convicting defendant, after a jury trial, of murder in the second degree, two counts of assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and also convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him to consecutive terms of 25 years to life and 5 to 15 years to be served concurrently with two concurrent terms of 5 to 15 years, two concurrent terms of $2^1/3$ to 7 years and a consecutive term of 1 to 3 years, unanimously affirmed.

Defendant argues that the trial court delivered an improper charge relating to the voluntariness of his confession and that his right to a fair trial was violated by the prosecutor's cross-examination and comments that he made during summation.

However, defendant neither raised any objection at trial to the instruction that he now deems unacceptable nor to the prosecutor's cross-examination and summation, thus rendering unpreserved his current complaints (CPL 470.05 [2]; *People v Reddick*, 199 AD2d 175, *lv denied* 83 NY2d 857). Were we to reach these issues in the interest of justice, we would find them to be without merit.

The court's voluntariness charge was in accordance with New York law, and indeed directly tracked the language of CPL 60.45 (2) (b) (i). The United States Supreme Court has, in *Crane v Kentucky* (476 US 683, 688-689), distinguished between the situation of a Judge making a factual determination as to the voluntariness of a confession and a jury undertaking the same function. The court herein made a pretrial finding that the subject confession was not involuntary, and defendant does not challenge that ruling. In the absence of a constitutional right to have a jury again pass upon such issue, defendant was not deprived of any constitutional right by virtue of the Trial Judge's instruction.

The prosecutor did not exceed the limits of the court's *Sandoval* ruling, nor did his summation deprive defendant of a fair trial, particularly in view of the overwhelming evidence of his guilt (*see, People v Brosnan*, 32 NY2d 254, 261-262). Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Tom, JJ.