■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWNING, Appellant. [638 NYS2d 628]

The admission of testimony that the police officers had been told by three individuals on the street that defendant had a gun was entirely proper, since it was "appropriate narrative testimony, and was not offered to prove the fact that defendant had a gun" (*People v Mosely,* 200 AD2d 430, 431, *lv denied* 83 NY2d 856). As the court noted, this testimony was necessary in order to prevent undue speculation by the jury as to why the officers directed their attention to defendant in the first place. The court also properly allowed the prosecutor to elicit on redirect examination that the officers had been told that defendant had just tried to rob the three men. Previously, the court had told the prosecutor not to go into this matter out of concern that defendant would be unduly prejudiced. When defense counsel unexpectedly asked about the allegation of an attempted robbery, thereby opening the door, the prosecutor was entitled to clarify for the jury why she had not raised the matter herself on direct examination (*see, People v Melendez,* 55 NY2d 445, 451). The court properly exercised its discretion in altering the order of proof by interrupting the cross-examination (*People v Smith,* 166 AD2d 385, 385-386, *affd* 79 NY2d 779).

We have considered defendant's contentions with respect to the prosecutor's summation remarks and find them to be largely unpreserved and, in any event, without merit. Concur—Milonas, J. P., Kupferman, Nardelli and Mazzarelli, JJ.