■ The People of the State of New York, Respondent, v Candelario Vasquez, Defendant-Appellant. [652 NYS2d 962] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered April 14, 1993, convicting defendant, after a jury trial, of 12 counts of robbery in the first degree, 6 counts of rape in the first degree, 4 counts of burglary in the first degree, 2 counts of sexual abuse in the first degree, and 1 count each of criminal possession of a weapon in the third degree and sodomy in the first degree, and sentencing him, as a second felony offender, to 23 consecutive terms of $12^{1}/_{2}$ to 25 years and 3 consecutive terms of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

The Supreme Court properly denied defendant's motion to suppress statements made to law enforcement personnel since the totality of the circumstances demonstrates that the People met their burden of establishing the voluntariness of the statements (*People v Anderson*, 42 NY2d 35; *People v Huntley*, 15 NY2d 72, 78; *see also, Arizona v Fulminante*, 499 US 279). The record establishes that the remarks made by the police to defendant prior to the administration of *Miranda* warnings did not constitute interrogation or its functional equivalent (*see, People v Thomas*, 174 AD2d 447, *lv denied* 78 NY2d 975; *People v Tarleton*, 184 AD2d 463, *lv denied* 80 NY2d 910), and had no coercive effect (*People v Velez*, 211 AD2d 524; *see also, People v Tankleff*, 84 NY2d 992). Defendant's subsequent statements to the police were spontaneous (*People v Kaye*, 25 NY2d 139) and his videotaped statement was preceded by the readministration of *Miranda* warnings and was knowingly, intelligently and voluntarily made.

The court's charge, viewed in its entirety, sufficiently apprised the jury of the applicable principles of law with respect

to the voluntariness of defendant's statements (*see, People v Alvares*, 219 AD2d 520, *lv denied* 87 NY2d 897). Concur—Williams, J. P., Tom, Mazzarelli and Andrias, JJ.