■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAHEEM CHAVIS, Appellant. [656 NYS2d 903] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered May 25, 1995, convicting him of murder in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, so as to provide that all of the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's contention that he was denied a fair trial by the court's charge regarding the voluntariness of his statements is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Smalls,* 185 AD2d 863; *People v Roth,* 139 AD2d 605, 608; *People v Beaudoin,* 198 AD2d 610). In any event, the charge, taken as a whole, was appropriate and adequately set forth the relevant factors and legal standards the jury had to apply in evaluating whether the defendant's statements were voluntary *(see, People v Alvares,* 219 AD2d 520, 521; *People v Bowen,* 134 AD2d 356, 357; 1 CJI[NY] 11.01 *et seq.).*

However, the imposition of a consecutive determinate sentence of one year for the conviction of criminal possession

of a controlled substance in the seventh degree was error. Under the circumstances of this case, Penal Law § 70.35 "contemplates that the definite and indeterminate sentences will be served concurrently" *(People v Leabo,* 84 NY2d 952, 953). As so modified, the sentence is not excessive. Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.