■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATEEK WHITE, Appellant. [673 NYS2d 13] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered July 23, 1996, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a prison term of 6½ years, unanimously affirmed.

Testimony concerning an uncharged crime of robbery was properly admitted to explain why the police officers' attention was drawn to defendant in the first place (see, People v Browning, 225 AD2d 340, lv denied 88 NY2d 934), and why they ordered him to remove his hands from his pockets and subsequently tackled him after he fled (see, People v Seymour, 225 AD2d 487). This testimony was not prejudicially excessive in scope, given the court's particularly strong and detailed limiting instructions to the effect that defendant had nothing to do with this robbery. The People's references to this subject in their opening statement and summation were appropriate.

Defendant was not deprived of a fair trial when the People,

after agreeing not to introduce a statement for which notice pursuant to CPL 710.30 (1) (a) had not been provided, inadvertently elicited the statement when a police witness answered a question unresponsively. The court instructed the jury to disregard the statement, which charge the jury is presumed to have followed (*see, People v Davis*, 58 NY2d 1102, 1104), and which defendant failed to challenge as inadequate. In any event, any error would be harmless, since the unnoticed statement was cumulative of defendant's admissible statement.

The court's charge on voluntariness of statements was proper. Since there was no evidence casting doubt on the voluntariness of defendant's admitted statement, the court was not obligated to give a charge on the issue in the first place (*see, People v Cefaro*, 23 NY2d 283, 285-286; *People v Betances*, 165 AD2d 754, *lv denied* 76 NY2d 1019). In any event, the charge given, read as a whole, conveyed to the jury the appropriate standards of law regarding the question of voluntariness (*see, People v Vasquez*, 235 AD2d 322, *affd* 90 NY2d 972). Moreover, the charge conveyed the substance of defendant's requested charge, albeit in different language.

The information supporting the uncharged crimes of robbery and possession of an additional weapon was reliable and accurate, and therefore properly considered by the court in determining sentence (*see, People v Outley*, 80 NY2d 702, 713). We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.