■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROLLAND, Appellant. [728 NYS2d 138] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered March 30, 1999, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly exercised its discretion in precluding defendant from introducing an out-of-court statement under a declaration against penal interest theory (*see, People v Settles,* 46 NY2d 154, 167-170; *People v Thanh Giap,* 273 AD2d 54, *lv denied* 95 NY2d 872). The declarant claimed to have been a

lookout in the instant felony murder, and named three supposed accomplices, none of whom were defendant or either of his two separately convicted codefendants. The court properly found this declaration to be totally unreliable. The declarant's statement, in which he initially denied any personal involvement in the instant crime, was motivated entirely by a desire to obtain lenient treatment for himself in an unrelated case; the declarant later recanted; and the declarant never implicated a person whose guilt was conclusively established through fingerprint evidence as well as that person's confession and guilty plea in this case. The only evidence arguably supporting the reliability of the declaration was that one of the persons named was identified as a perpetrator. However, that identification was clearly established to be mistaken and the charges against that individual were dismissed. Moreover, under all the circumstances, there was no showing that the declarant had competent knowledge of the underlying facts, notwithstanding his unsupported assertion that he was a fourth participant in the crime.

The court properly admitted limited testimony about a nontestifying codefendant's statement inculpating defendant in order to explain what led detectives to interview defendant five years after the crime occurred, since the defense opened the door to admission of the statement by way of its allegations of a police conspiracy (*see*, *People v Simpson*, 256 AD2d 205, *lv denied* 93 NY2d 902; *cf.*, *People v Cruz*, 249 AD2d 136, *lv denied* 92 NY2d 924). We have considered and rejected defendant's remaining arguments. Concur—Rosenberger, J. P., Andrias, Wallach, Lerner and Buckley, JJ.