■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN TOSCA, Appellant. [731 NYS2d 29] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered October 6, 1999, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to a term of 17 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 12 years to life, and otherwise affirmed.

The court properly admitted police testimony that shortly before defendant's arrest a livery cab driver had reported an encounter with defendant involving a gun. This testimony was necessary to complete the narrative and to explain the aggressive nature of the police confrontation with defendant (see, People v Till, 87 NY2d 835; People v White, 250 AD2d 446, lv denied 92 NY2d 908; People v Browning, 225 AD2d 340, lv denied 88 NY2d 934). Defendant's proffered stipulation that the police were simply responding to an unspecified radio run would have been inadequate, under the circumstances, to prevent the jury from speculating about facts not in evidence and from drawing unfair inferences concerning the officers' credibility. Moreover, the evidence was not unduly prejudicial,

particularly in view of the court's strong limiting instructions. The evidence did not constitute hearsay or violate defendant's right of confrontation, since it was admitted for an appropriate purpose other than its truth (*see, Tennessee v Street*, 471 US 409). Defendant's related claims concerning the prosecutor's summation do not warrant reversal since the challenged remarks were generally responsive to the defense summation, and since any undue prejudice was prevented by the court's prompt curative actions.

The court's *Sandoval* ruling permitting inquiry into two attempted robbery convictions, including their underlying facts, as well as the underlying facts of a youthful offender adjudication for robbery, balanced the appropriate factors and was a proper exercise of discretion even when viewed in light of the previously discussed uncharged crimes ruling (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Glenn*, 282 AD2d 243, *lv denied* 96 NY2d 862).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent felony offender is unpreserved for appellate review and, in any event, is without merit (*see, People v Rosen*, 96 NY2d 329).

We find the sentence excessive to the extent indicated. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Saxe, JJ.