THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AJAMU WHITE, Appellant. [748 NYS2d 349]

The court properly admitted a piece of paper provided to a police officer by an unidentified witness. The court properly determined that the paper was admissible under the present sense impression exception to the hearsay rule since the People had introduced sufficient corroboration of its content and sufficiently established that the witness's recording of the information on the paper was substantially contemporaneous with her observations (*see People v Vasquez*, 88 NY2d 561). With

suitable limiting instructions, the court also properly admitted statements made by the unidentified witness since they were necessary to complete the narrative and to explain the actions of the police (*see People v Tosca*, 287 AD2d 330, *affd* 98 NY2d 660). To the extent that defendant is raising constitutional claims concerning any of this evidence, such claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

Since the record establishes that defendant had not exhausted all of his peremptory challenges prior to the completion of the selection of the regular jury, his claim that the court should have granted his challenges for cause is foreclosed (CPL 270.20 [2]; 270.25 [2] [b]). Moreover, his contention that the court erred in denying his challenge for cause to a prospective alternate juror is moot since no alternate jurors participated in deliberations (*People v Crockett*, 262 AD2d 205). In any event, we find that the court properly denied the challenges for cause at issue. Despite being employed in law enforcement, each of the two panelists unequivocally declared his or her ability to reach a fair verdict based on the evidence and neither had a relationship with the prosecution "of such nature that it [would have been] likely to preclude him [or her] from rendering an impartial verdict" (CPL 270.20 [1] [c]).

The court properly exercised its discretion in denying defendant's mistrial motions based on brief references to uncharged criminal activity. One reference was blurted out by the witness with no prompting by the prosecutor and the second reference came at the prodding of defense counsel. The court, in each instance, sustained counsel's objection, struck the answer and directed the jury to disregard it. The jury is presumed to have followed the court's instructions (*see People v Santiago*, 52 NY2d 865; *People v Davis*, 58 NY2d 1102). Concur—Nardelli, J.P., Saxe, Buckley, Ellerin and Marlow, JJ.