THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE WILSON, Appellant. [747 NYS2d 360]

The verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Issues of credibility were properly considered by the jury and there is no reason to disturb its determinations.

The court properly exercised its discretion in admitting very limited testimony that indirectly suggested that another participant in the crime had implicated defendant, since defendant opened the door to this testimony by pursuing a line of defense that made it necessary for the People to explain how defendant came to be arrested (*see People v Tosca*, 287 AD2d 330, *affd* 98 NY2d 660; *People v Rolland*, 284 AD2d 275, 276, *lv denied* 97 NY2d 733). Moreover, defendant affirmatively used this evidence in his summation. To the extent that defendant is raising a Confrontation Clause claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review such claim, we would reject it (*see Tennessee v Street*, 471 US 409).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292).

To the extent the existing record permits review, we conclude that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714).

The record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur— Mazzarelli, J.P., Andrias, Buckley, Sullivan and Lerner, JJ.