■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL VELEZ, Appellant. [622 NYS2d 441] —Judgment, Supreme Court, New York County (Joan Sudolnik, J., at hearing; Charles Tejada, J., at trial), rendered January 10, 1994, convicting defendant, after a jury trial, of assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years on the first two counts and to 2 to 4 years on the remaining count, unanimously affirmed.

The People met their burden of proving that defendant's statements were knowingly, intelligently and voluntarily made (People v Huntley, 15 NY2d 72). Under the totality of the circumstances, the strategy employed by the police in asserting that defendant's companion might be arrested and their children sent to the Bureau of Child Welfare was not so fundamentally unfair as to deny due process or likely to induce a false confession (People v Tarsia, 50 NY2d 1, 11;

*People v Anderson,* 42 NY2d 35), since the police had a factual basis for making such statement.

Most of defendant's current objections to the prosecutor's summation have not been preserved for appellate review by appropriate objection (CPL 470.05 [2]) and we decline to reach them in the interest of justice. The remaining objections were sustained by the trial court and appropriate instructions were provided. Since defendant did not object further nor did he request additional instructions, his arguments have not been preserved for review.

Since defense counsel did not object to the prosecutor's opening statement, the prosecutor was deprived of an opportunity to correct any purported deficiencies *(People v Kurtz,* 51 NY2d 380, *cert denied* 451 US 911). In any event, the opening sufficiently satisfied the requirements of CPL 260.30 (3). Concur—Rosenberger, J. P., Asch, Rubin and Nardelli, JJ.