■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ADAMS, Appellant. [648 NYS2d 4] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered July 18, 1994, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 8 to 16 years, unanimously affirmed.

The inconsistent testimony as to whether the on-scene identification was police arranged did not raise additional pertinent facts warranting a reopening of the *Wade* hearing (CPL 710.40 [4]). Even if the identification had been prompted by a police communication to the victim that they had a suspect, such would not have rendered the identification unreliable given the rapid unbroken chain of events from the commission of the crime through the apprehension and identification (*see, People v Stafford*, 215 AD2d 212, *lv denied* 86 NY2d 784). The court properly refused to declare the arresting officer a hostile witness in the absence of direct proof of his hostility or unwillingness and reluctance to testify (*see*, Prince, Richard-

son on Evidence § 6-415 [c]; § 6-416 [Farrell 11th ed]). In any event, a hostile witness declaration would not have permitted defendant to establish his direct case by use of impeachment material (CPL 60.35 [2]; *see, People v Fitzpatrick*, 40 NY2d 44, 49-51). The prosecutor's summation was a proper response to defense counsel's attack on the victim's credibility (*see, People v Wilkerson*, 189 AD2d 592, *lv denied* 81 NY2d 849). We perceive no abuse of sentencing discretion. We have considered defendant's other arguments and find them to be without merit. Concur—Rubin, J. P., Ross, Williams, Tom and Andrias, JJ.