■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN FRANKLIN, Appellant. [675 NYS2d 337] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered October 24, 1994, convicting defendant, after a jury trial, of three counts of robbery in the second degree and sentencing him to two concurrent terms of 2⅓ to 7 years, concurrent with a term of 1 to 3 years, unanimously affirmed.

The court properly denied defendant's motion to reopen the *Mapp* hearing based on purported inconsistencies between the trial testimony of the victim of the second robbery and her husband and the hearing testimony of the police officer who spoke with them and radioed the description of defendant and his cohorts to the arresting officers. Even if the pertinent trial

testimony were to be viewed in a light most favorable to defendant's position on the suppression issue, probable cause for defendant's arrest would still be established. At the very least, the evidence would show that prior to speaking with the second robbery victim's husband, the officer had been given a description of the three perpetrators by Transit Authority officers in connection with the first robbery. The second victim's husband personally observed defendant and his cohorts walking away after robbing his wife and he described them to the police as three black males with a gun and pointed in the direction in which they ran within moments of the event. Defendant then attempted to evade pursuing police by hiding in a parking lot and climbing a fence and was apprehended in the vicinity of the robberies. In view of the foregoing, defendant failed to show that had the suppression court considered the inconsistencies it would have reached a different result (CPL 710.40 [4]; *People v Kidd*, 247 AD2d 269; *see also, People v Adams*, 231 AD2d 447, *lv denied* 89 NY2d 862).

We have considered defendant's additional claims of error and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.