■ The People of the State of New York, Respondent, v Curtis Gibson, Appellant. [764 NYS2d 354] —Judgment, Supreme Court, New York County (Dorothy Cropper, J., at hearing; Edwin Torres, J., at jury trial and sentence), rendered December 21, 1998, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant's first statement to the police was not the product of any coercive conduct and the totality of the circumstances establishes that the statement was voluntarily made (see Arizona v Fulminante, 499 US 279, 285-288 [1991]; People v Anderson, 42 NY2d 35, 38-39 [1977]; see also People v Velez, 211 AD2d 524 [1995]). Furthermore, there is no basis for suppression of defendant's second statement.

The court's charge on the jury's role in assessing the voluntariness of defendant's statements conveyed the proper standards and provided the jury with adequate guidance when read as a whole and in the context of the factual issues raised at trial (see People v Fields, 87 NY2d 821 [1995]).

The hearing court properly denied defendant's request to treat a police witness called by the defense as a hostile witness for the purpose of asking leading questions, since defendant offered no evidence of actual hostility or reluctance to testify (see People v Adams, 231 AD2d 447 [1996], lv denied 89 NY2d 862 [1996]). To the extent that defendant sought to impeach his

own witness by prior contradictory statements, defendant did not make the required showing for such impeachment (*see* CPL 60.35 [2]).

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Marlow, JJ.